IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


JOSE TORRES, GUADALUPE            )
CLEMENTE,  LUZ WALKER,            )
CHRISTINA BEITER, and ANTONIO     )
CARMONA,                          )
                                  )
Individually and on behalf of all others  )
similarly situated others         )
                                  )
                                  )
        Plaintiffs,               )
                                  )
-vs-                              )         Case Number:
                                  )
SIMPATICO, INC,                  )         JURY TRIAL DEMANDED
                                  )
(Serve: Registered Agent          )         Division:
        Greg A. Launhardt         )
        11420 Gravois Road        )
        St. Louis, MO  63126)     )
                                  )
And                               )
                                  )         PLAINTIFF DEMANDS TRIAL BY JURY
STRATUS FRANCHISING, LLC,         )
                                  )
(Serve: Registered Agent          )
        Peter Frese, Jr.          )
        1976 Innerbelt Business Center Drive)
        St. Louis, MO 63114)      )
                                  )
And                               )
                                  )
PETER FRESE, JR., individually,   )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)              )
                                  )
And                               )
                                  )
DENNIS JARRETT,  individually,    )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)              )

And                                              )
                                                 )
CARMEN GARCIA, individually                      )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)                             )
                                                 )
And                                              )
                                                 )
DAVID FARRELL, individually,                     )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)                             )
                                                 )
And                                              )
                                                 )
MARISA LATHER, individually,                     )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)                             )
                                                 )
And                                              )
                                                 )
ALEN SULJANOVIC, individually,                   )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)                             )
                                                 )
And                                              )
                                                 )
BOB STAPLETON, individually,                     )
(Serve: 1976 Innerbelt Business Center Drive)
St. Louis, MO 63114)                             )
                                                 )
And                                              )
                                                 )
PHSCCH SBS, LLC,                                 )
(Serve: Agent: Channen Smith                     )
        9531 E Nora Circle                        )
        Mesa, AZ  85207)                          )
                                                 )
And                                              )
                                                 )
CHANNEN SMITH,  individually,                    )
(Serve: 5013 East Washington Street              )
        Suite 100                                 )
        Phoenix, AZ  85034)                       )
                                                 )
And                                              )
                                                 )

Stratus Building Solutions of Arizona, Inc., )
(Serve: Agent: Channen Smith )
      5013 East Washington Street )
      Suite 100 )
      Phoenix, AZ  85034) )
       )
And )
       )
LUPITA GALLEGO, individually, )
(Serve: 5013 East Washington Street )
Suite 130 )
Phoenix, AZ 850034-2028) )
       )
And )
       )
ED NUNEZ, individually, )
(Serve: 5013 East Washington Street )
Suite 130 )
Phoenix, AZ 850034-2028) )
       )
And )
       )
JASON DOWLING, individually, )
(Serve: 4045 North 7th Street )
Suite 202 )
Phoenix, AZ 85014 )
       )
And )
       )
GONZALO MORENO, individually, )
(Serve: 5013 East Washington Street )
Suite 130 )
Phoenix, AZ 850034-2028) )
       )
And )
       )
Goldeneye Holdings, Inc., )
d/b/a Stratus of Orange County, )
(Serve: Agent: GKL Corporate/Search, Inc. )
      915 L St., Suite 1250 )
      Sacramento, CA  95814) )
       )
And )
       )
PETAR VAVAN, individually, )
(Serve: 333 S. Anita Drive )

Orange, CA 92868)                          )
                                           )
And                                        )
                                           )
Mark Bashforth                             )
d/b/a Stratus Building Solutions of San Diego)
(Serve: 5465 Morehouse Drive               )
          Suite 100                        )
          San Diego, CA  92121)            )
                                           )
And                                        )
                                           )
MARK BASHFORTH, individually,              )
(Serve: 2537 South Gessner, Suite 121,     )
          Houston, TX  77063)              )
                                           )
And                                        )
                                           )
Jayson Bashforth                           )
d/b/a Stratus Building Solutions of San Diego)
(Serve: 5465 Morehouse Drive               )
          Suite 100                        )
          San Diego, CA  92121)            )
                                           )
And                                        )
                                           )
JAYSON BASHFORTH, individually,            )
(Serve: 2537 South Gessner, Suite 121,     )
          Houston, TX  77063)              )
                                           )
And                                        )
                                           )
Afshin Cangarlu,                           )
d/b/a Stratus of Los Angeles               )
(Serve: 16530 Ventura Blvd., Suite 204     )
          Encino, CA  91436)               )
                                           )
And                                        )
                                           )
AFSHIN CANGARLU, individually,             )
(Serve: 16530 Ventura Blvd., Suite 204     )
          Encino, CA  91436)               )
                                           )
And                                        )
                                           )
Afshin Cangarlu,                           )

d/b/a STRATUS OF INLAND EMPIRE      )
(Serve: 600 North Mountain Ave, Suite C-203)
     Upland, CA  91786)                )
                                     )

And                                )
                                     )

Stratus Building Solutions of Northern    )
California, LLC,                    )
d/b/a Stratus of Sacramento,            )
(Serve: Agent: Stevan R. Butcher        )
     8150 Parus Way                 )
     Granite Bay, CA  95746)           )
                                     )

And                                )
                                     )

STEVAN R. BUTCHER, individually,      )
(Serve: 8150 Parus Way               )
     Granite Bay, CA  95746)           )
                                     )

And                                )
                                     )

Jim Parell                          )
d/b/a Stratus of Ventura County,         )
(Serve: 3355 Cochran Street, Suite 202    )
     Simi Valley, CA  93063)            )
                                     )

And                                )
                                     )

JIM PARELL, individually,            )
(Serve: 3355 Cochran Street, Suite 202    )
     Simi Valley, CA  93063)            )
                                     )

And                                )
                                     )

SAM VALDEZ, individually,            )
(Serve: 16530 Ventura Blvd.           )
Suite 204                           )
Encino, CA 91436)                   )
                                     )

And                                )
                                     )

MARVIN ASHTON, individually,         )
(Serve: 333 S. Anita Drive            )
Orange, CA 92868)                   )
                                     )

And                                )

CHRISTIAN SMITH, individually,                )
(Serve: 600 North Mountain Avenue             )
Upland, CA 91786)                             )
                                              )
And                                           )
                                              )
TABITHA GOODWIN, individually,                )
(Serve: 16530 Ventura Blvd.                   )
Suite 204                                     )
Encino, CA 91436)                             )
                                              )
And                                           )
                                              )
EVERT DURAN, individually,                    )
(Serve: 5465 Morehouse Drive                  )
San Diego, CA 92121)                          )
                                              )
And                                           )
                                              )
Colorado Cleaning Partners, Inc,              )
d/b/a Stratus Building Solutions of           )
Southern Colorado,                            )
(Serve: Agent: James E. Van Dyke              )
        6510 Grey Eagle Lane                  )
        Colorado Springs, CO  80919)          )
                                              )
And                                           )
                                              )
JAMES VAN DYKE, individually,                 )
(Serve: 6510 Grey Eagle Lane                  )
        Colorado Springs, CO  80919)          )
                                              )
And                                           )
                                              )
Channen Smith,                                )
d/b/a STRATUS OF DENVER                       )
(Serve: 7010 Broadway, Plaza 36, Ste.450      )
        Denver, CO  80221)                     )
                                              )
And                                           )
                                              )
JOSHUA FLETCHER, individually,                )
(Serve: 7010 Broadway #450                    )
Denver, CO 80221)                             )
                                              )

And                                          )
                                             )
DEBORAH ELGAS, individually,                 )
(Serve: 4360 Montebelo Drive                 )
Suite 1000                                   )
Colorado Springs, CO 80918)                  )
                                             )
And                                          )
                                             )
MERT SMITH, individually,                    )
(Serve: 4360 Montebelo Drive                 )
Suite 1000                                   )
Colorado Springs, CO 80918)                  )
                                             )
And                                          )
                                             )
Jitendra Kapur,                              )
d/b/a Stratus of Stamford and Westchester    )
(Serve: 78 Harvard Ave., Suite 270           )
        Stamford, CT  06902)                  )
                                             )
And                                          )
                                             )
JITENDRA KAPUR, individually,                )
(Serve: 78 Harvard Ave., Suite 270           )
        Stamford, CT  06902)                  )
                                             )
And                                          )
                                             )
J. Beck,                                     )
d/b/a STRATUS BUILDING SOLUTIONS OF)
WILMINGTON,                                  )
(Serve: 900 W. Bash Road, Suite 200          )
        New Castle, DE  19720)                )
                                             )
And                                          )
                                             )
J. BECK, individually,                       )
(Serve: 900 W. Bash Road, Suite 200          )
        New Castle, DE  19720)                )
                                             )
And                                          )
                                             )
Stratus Building Solutions of Tampa          )
St. Pete, LLC,                               )
(Serve: Agent: Eric Brotz                     )

|  |  |
|---|---|
| 7560 Preservation Drive | ) |
| Sarasota, FL  34241) | ) |
|  | ) |
| And | ) |
|  | ) |
| ERIC BROTZ, individually, | ) |
| (Serve: 7560 Preservation Drive | ) |
| Sarasota, FL  34241) | ) |
|  | ) |
| And | ) |
|  | ) |
| Paladin Building Services, LLC, | ) |
| d/b/a Stratus of Jacksonville, | ) |
| (Serve: Agent: Jeffrey B. Aibel | ) |
| 11555 Central Pkwy, Ste 804 | ) |
| Jacksonville, FL  32224) | ) |
|  | ) |
| And | ) |
|  | ) |
| JEFFREY B. AIBEL, individually, | ) |
| (Serve: 11555 Central Pkwy, Ste 804 | ) |
| Jacksonville, FL  32224) | ) |
|  | ) |
| And | ) |
|  | ) |
| DAVE BOUTWELL, individually, | ) |
| (Serve: 11555 Central Pkwy, Ste 804 | ) |
| Jacksonville, FL  32224) | ) |
|  | ) |
| And | ) |
|  | ) |
| KAREN AIBEL, individually, | ) |
| (Serve: 4651 Salisbury Road | ) |
| Jacksonville, FL 32256) | ) |
|  | ) |
| And | ) |
|  | ) |
| Paladin Building Services, LLC | ) |
| d/b/a Stratus of Atlanta | ) |
| (Serve: Agent: Jeffrey Aibel | ) |
| 2500 Cumberland Pkwy SE | ) |
| Suite 475 | ) |
| Atlanta, GA  30339) | ) |
|  | ) |
| And | ) |
|  | ) |

SCOTT BROWN, individually,                          )
(Serve: 2500 Cumberland Pkwy SE                     )
      Suite 475                                     )
      Atlanta, GA  30339)                           )
                                                    )
And                                                 )
                                                    )
ANNIE GONZALEZ, individually,                       )
(Serve: 2500 Cumberland Pkwy SE                     )
      Suite 475                                     )
      Atlanta, GA  30339)                           )
                                                    )
And                                                 )
                                                    )
LLOYD STOREY, individually,                         )
(Serve: 2500 Cumberland Pkwy SE #475                )
Atlanta, GA 30339)                                  )
                                                    )
And                                                 )
                                                    )
Kukamaehu, Inc.,                                    )
d/b/a Stratus of Honolulu,                          )
(Serve: Agent: National Registered Agents           )
      of HI, Inc.                                   )
      1136 Union Mall Suite 301                     )
      Honolulu, HI  96813)                          )
                                                    )
And                                                 )
                                                    )
AARON KAHALOA, individually,                        )
(Serve: P.O. Box 236020,                            )
Honolulu, HI 96823)                                 )
                                                    )
And                                                 )
                                                    )
MALLY PORCH, individually,                          )
(Serve: P.O. Box 236020,                            )
Honolulu, HI 96823)                                 )
                                                    )
And                                                 )
                                                    )
ANGEL PASCUAL, individually,                        )
(Serve: P.O. Box 236020,                            )
Honolulu, HI 96823)                                 )
                                                    )
And                                                 )

Iowa Building Solutions, LLC, )
d/b/a Stratus of Iowa, )
(Serve: Agent: Leonard R. Fazio )
   4948 Pleasant St )
   Des Moines, IA  50266) )
 )
And )
 )
LEONARD FAZIO, individually, )
(Serve: 4948 Pleasant St )
   Des Moines, IA 50266) )
 )
And )
 )
MICHAEL FAZIO, individually, )
(Serve: 4948 Pleasant Street )
West Des Moines, IA 50266) )
 )
And )
 )
AMY LUNDSTRUM, individually, )
(Serve: 4948 Pleasant Street )
West Des Moines, IA 50266) )
 )
And )
 )
DPK Investments, Inc., )
d/b/a Stratus of Chicago, )
(Serve: Agent: Devang Kothari )
   113 Heath Pl )
   Westmont, IL  60559) )
 )
And )
 )
DEVANG KOTHARI, individually, )
(Serve: 113 Heath Pl )
   Westmont, IL  60559) )
 )
And )
 )
BILL BLAIR, individually, )
(Serve: 2650 Piper Hills Drive, )
   Belleville, IL  62221) )
 )
And )

Shamrock Building Services, Inc.,  )
d/b/a Stratus of Indianapolis   )
(Serve: Agent: Kevin G. Spellacy  )
   9262 Timberline Drive   )
   Indianapolis, IN  46256)   )
               )
And           )
               )
KEVIN SPELLACY, individually,  )
(Serve: 9262 Timberline Drive   )
   Indianapolis, IN  46256)   )
               )
And           )
               )
ROBERT PERRY, individually,   )
(Serve: 8606 Allisonville Pointe Trail  )
Indianapolis, IN 46250)    )
               )
And           )
               )
Stratus Building Solutions of Kansas, LLC )
(Serve: Agent: Peter Frese    )
   1976 Innerbelt Business Center Dr )
   St. Louis, MO  63114)   )
               )
And           )
               )
KNUTSON/GOLDSMITH ENTERPRISES, LLC,)
(Serve: Agent: Peter Frese    )
   1976 Innerbelt Business Center Dr )
   St. Louis, MO  63114)   )
               )
And           )
               )
GATOR GREENWILL, individually,  )
(Serve: 7501 College Boulevard   )
Overland Park, KS 66210)    )
               )
And           )
               )
PAUL L. KNUTSON, individually,  )
(Serve: 1722 S. 84th St.     )
   Omaha, NE  68124)    )
               )
And           )

LUIS MORALES, individually,                )
(Serve: 7501 College Boulevard             )
Overland Park, KS 66210)                    )
                                            )
And                                         )
                                            )
Shamrock Building Services, LLC,            )
d/b/a Stratus of Louisville,                )
(Serve: Agent: Service Cube                 )
        4237 Produce Road                   )
        Louisville, KY  40218)              )
                                            )
And                                         )
                                            )
DENISE GUTIERREZ, individually,             )
(Serve: 4237 Produce Road                   )
Louisville, KY 40218)                       )
                                            )
And                                         )
                                            )
PAMELLA MARTINS, individually,              )
(Serve: 4237 Produce Road                   )
Louisville, KY 40218)                       )
                                            )
And                                         )
                                            )
JEREMY WHETSTINE, individually,             )
(Serve: 710 E Main St #1000                 )
Lexington, KY 40502)                        )
                                            )
And                                         )
                                            )
TAYLOR STINNETTE, individually              )
(Serve: 4237 Produce Road                   )
Louisville, KY 40218)                       )
                                            )
And                                         )
                                            )
JOSUE RANGEL, individually,                 )
(Serve: 4237 Produce Road                   )
Louisville, KY 40218)                       )
                                            )
And                                         )
                                            )
STEPHANIE MCDANIEL, individually,           )

(Serve: 4237 Produce Road                          )
Louisville, KY 40218)                              )
                                                   )
And                                                )
                                                   )
Stratus Building Solutions of Lafayette, LLC)
(Serve: Agent: S.D. Steckler                       )
   2851 Johnston Street, Suite 218  )
   Lafayette, LA  70503)            )
                                                   )
And                                                )
                                                   )
SHAUN STECKLER, individually,                      )
(Serve: 2851 Johnston Street, Suite 218            )
   Lafayette, LA  70503)            )
                                                   )
And                                                )
                                                   )
RINEA BLANCHARD, individually,                     )
(Serve: 315 College Road                           )
Suite 220                                          )
Lafayette, LA 70503)                               )
                                                   )
And                                                )
                                                   )
Napco Group, Inc.,                                 )
d/b/a Stratus Building Solutions of Maryland)
(Serve: Agent: Mike Napolitano                     )
   1302 Concourse Drive             )
   Suite 302                        )
   Linthicum, MD 21090)             )
                                                   )
And                                                )
                                                   )
MIKE NAPOLITANO, individually,                     )
(Serve: 1302 Concourse Drive                       )
Suite 302                                          )
Linthicum, MD 21090)                               )
                                                   )
And                                                )
                                                   )
ANTHONY NAPOLITANO, individually,                  )
(Serve: 1302 Concourse Drive                       )
Suite 302                                          )
Linthicum, MD 21090)                               )
                                                   )

And                                                     )
                                                        )
Stratus Building Solutions of Minnesota,                )
(Serve: Agent: Kevin Spellacy or Lorena                 )
        Aristizabal                                     )
        8606 Allisonville Rd, #215                       )
        Indianapolis, IN  46250)                         )
                                                        )
And                                                     )
                                                        )
JOHN MCDONALD, individually,                            )
(Serve: 40 7th Street South #212                        )
Minneapolis, MN 55402)                                  )
                                                        )
And                                                     )
                                                        )
LORENA ARISTIZABAL, individually,                       )
(Serve: 40 7th Street South #212                        )
Minneapolis, MN 55402)                                  )
                                                        )
And                                                     )
                                                        )
TTK Investments, Inc.,                                  )
d/b/a Stratus of Concord, Stratus of the Triad,)
Stratus of Charlotte, and Stratus of Columbia)
(Serve: Agent: Ernest Kraft                             )
        8514 McAlphine Park Dr, Ste 255                 )
        Charlotte, NC  28211)                            )
                                                        )
And                                                     )
                                                        )
TODD KNIGHT, individually,                              )
(Serve: 810 Tyvola Road,                                )
        Charlotte, NC  28217)                            )
                                                        )
And                                                     )
                                                        )
JASON POTTS,                                            )
d/b/a Stratus of Raleigh,                               )
(Serve: 6060 C Six-Forks Road,                          )
        Raleigh, NC  27609)                              )
                                                        )
And                                                     )
                                                        )
JASON POTTS, individually,                              )
(Serve: 6060 C Six-Forks Road,                          )

Raleigh, NC  27609)                                )
                                                   )
And                                                )
                                                   )
BILL HOLDEN, individually,                         )
(Serve: 1407 Highway 66 South                      )
Kernersville, NC 27284)                            )
                                                   )
And                                                )
                                                   )
TONY SMITS, individually,                          )
(Serve: 1407 Highway 66 South                      )
Kernersville, NC 27284)                            )
                                                   )
And                                                )
                                                   )
MARIAM HERNANDEZ,                                  )
D/B/A Stratus of Concord,                          )
(Serve: 7140 Weddington Road, NW,                  )
        Concord, NC  28027)                        )
                                                   )
And                                                )
                                                   )
MARIAM HERNANDEZ, individually,                    )
(Serve: 7140 Weddington Road, NW,                  )
        Concord, NC  28027)                        )
                                                   )
And                                                )
                                                   )
BRANDON SMITS, individually,                       )
(Serve: 1407 Highway 66 South                      )
Kernersville, NC 27284)                            )
                                                   )
And                                                )
                                                   )
CRAIG BALLARD, individually,                       )
(Serve: 7208 Falls of Neuse Road #101             )
Raleigh, NC 27615)                                 )
                                                   )
And                                                )
                                                   )
Stratus Building Solutions of Omaha                )
(Serve: Agent: Knutson Enterprises, Inc.,          )
        1722 S. 84th St.                      )
        Omaha, NE  68124)                          )
                                                   )

And                                                              )
                                                                )
Stratus Building Solutions of Nebraska         )
(Serve: Agent: Channen Smith                     )
         6910 Pacific St., #208                        )
         Omaha, NE  68106)                          )
                                                                )
And                                                              )
                                                                )
CHELLEY BAACK, individually,                   )
(Serve: 6910 Pacific Street                          )
Omaha, NE 68106)                                    )
                                                                )
And                                                              )
                                                                )
JIM MORRISON, individually,                     )
(Serve: 6910 Pacific Street                          )
Omaha, NE 68106)                                    )
                                                                )
And                                                              )
                                                                )
SHAWN VICK, individually,                        )
(Serve: 6910 Pacific Street                          )
Omaha, NE 68106)                                    )
                                                                )
And                                                              )
                                                                )
ARISS ROGEL, individually,                       )
(Serve: 6910 Pacific Street                          )
Omaha, NE 68106)                                    )
                                                                )
And                                                              )
                                                                )
Joy Community Development Corporation       )
d/b/a Stratus Building Solutions of Central     )
         New Jersey,                                        )
(Serve: c/o D'Andre Salter                          )
         1253 New Market Ave                        )
         South Plainfield, NJ  07080)               )
                                                                )
And                                                              )
                                                                )
D'ANDRE SALTER, individually,                 )
(Serve: 1253 New Market Ave                      )
         South Plainfield, NJ  07080)               )
                                                                )

And                                                        )
                                                           )
SUNSHINE INVESTMENT GROUP, INC. )
d/b/a Stratus of Northern New Jersey,                      )
(Serve: Agent, Park 80 East,                               )
        260 Pehle Ave, Suite 304                           )
        Saddle Brook, NJ  07663)                           )
                                                           )
And                                                        )
                                                           )
JEROME WILIAMS, individually,                              )
(Serve: 1253 New Market Ave                                )
        South Plainfield, NJ  07080)                       )
                                                           )
And                                                        )
                                                           )
DON GARTNER, individually                                  )
(Serve: Park 80 East                                       )
160 Pehle Avenue                                           )
Suite 304                                                  )
Saddle Brook, NJ 07663)                                    )
                                                           )
And                                                        )
                                                           )
Rob Salazar,                                               )
d/b/a Stratus of Albuquerque,                              )
(Serve: 3311 Candelaria NE, Suite B                        )
        Albuquerque, NM  87107)                            )
                                                           )
And                                                        )
                                                           )
ROB SALAZAR, individually,                                 )
(Serve: 3311 Candelaria NE, Suite B                        )
        Albuquerque, NM  87107)                            )
                                                           )
And                                                        )
                                                           )
Quail Run Enterprises, Inc.,                               )
d/b/a Stratus Building Solutions of Las Vegas)
(Serve: Agent: Tamara Kyllo                                )
        1485 West Warm Springs Road                        )
        Suite 107                                          )
        Henderson, NV  89014)                              )
                                                           )
And                                                        )
                                                           )

DENNIS SNYDER, individually,                          )
(Serve: 1485 West Warm Springs Road                   )
          Suite 107                                   )
          Henderson, NV  89014)                        )
                                                      )
And                                                   )
                                                      )
Stratus Building Solutions of Long Island, Inc)
(Serve: Agent: Richard M. Baran                       )
          510 Broadhollow Rd                          )
          Suite 306                                   )
          Melville, NY  11747)                         )
                                                      )
And                                                   )
                                                      )
RICHARD M. BARAN, individually,                       )
(Serve: 510 Broadhollow Rd                            )
          Suite 306                                   )
          Melville, NY  11747)                         )
                                                      )
And                                                   )
                                                      )
Impressive Cleaning Solutions, Inc.,                  )
d/b/a Stratus of Buffalo                              )
(Serve: Agent: Kenneth A. Casseri                     )
          206 Berryman Drive                          )
          Amherst, NY  14226)                          )
                                                      )
And                                                   )
                                                      )
KEN CASSERI, individually,                            )
(Serve: 206 Berryman Drive                            )
          Amherst, NY  14226)                          )
                                                      )
And                                                   )
                                                      )
Craig Donovan,                                        )
d/b/a Stratus Building Solutions of WNY,              )
(Serve: 1780 Wehrle Drive, Suite 102                  )
          Williamsville, NY  14221)                    )
                                                      )
And                                                   )
                                                      )
CRAIG DONOVAN, individually,                          )
(Serve: 1780 Wehrle Drive, Suite 102                  )
          Williamsville, NY  14221)                    )

|  | ) |
| And | ) |
|  | ) |
| MARK LINDAMAN, individually, | ) |
| (Serve: 206 Berryman Drive | ) |
| Amherst, NY  14226) | ) |
|  | ) |
| And | ) |
|  | ) |
| VINCE DUNSTON, individually, | ) |
| (Serve: 206 Berryman Drive | ) |
| Amherst, NY  14226) | ) |
|  | ) |
| And | ) |
|  | ) |
| Zev Berglas, | ) |
| d/b/a STRATUS BUILDING SOLUTIONS | ) |
| OF HUDSON VALLEY, | ) |
| (Serve: Agent | ) |
| 1 International Blvd., Suite 400, | ) |
| Mahwah, NJ  07495) | ) |
|  | ) |
| And | ) |
|  | ) |
| ZEV BERGLAS, individually, | ) |
| (Serve: 1 International Blvd., Suite 400, | ) |
| Mahwah, NJ  07495) | ) |
|  | ) |
| And | ) |
|  | ) |
| JOEL CRADDOCK, individually, | ) |
| (Serve: 250 B Lucius Gordon Dr | ) |
| Suite 6 | ) |
| Rochester, NY 14586) | ) |
|  | ) |
| And | ) |
|  | ) |
| STEPHEN REED, individually, | ) |
| (Service: 250 B Lucius Gordon Dr | ) |
| Suite 6 | ) |
| Rochester, NY 14586) | ) |
|  | ) |
| And | ) |
|  | ) |
| GEORGE SHOAT, individually, | ) |
| (Service: 250 B Lucius Gordon Dr | ) |

Suite 6                                                      )
Rochester, NY 14586)                                         )
                                                             )
And                                                          )
                                                             )
ADAM CASSERI, individually,                                  )
(Serve: 1780 Wehrle Drive                                    )
Suite 102                                                    )
Williamsville, NY 14221)                                     )
                                                             )
And                                                          )
                                                             )
DEWAN BACHAI, individually,                                  )
(Serve: 510 Broadhollow Rd.                                  )
Suite 306                                                    )
Melville, NY 11747)                                          )
                                                             )
And                                                          )
                                                             )
MARRS, LLC                                                   )
d/b/a Stratus Building Solutions of Cincinnati)
(Serve: Agent: Mark Stocker                                  )
         11260 Cornell Park Dr, Ste 708                      )
         Cincinnati, OH  45242)                              )
                                                             )
And                                                          )
                                                             )
MARK STOCKER, individually,                                  )
(Serve: 11260 Cornell Park Dr, Ste 708                       )
         Cincinnati, OH  45242)                              )
                                                             )
And                                                          )
                                                             )
TERRY BEHRLE, individually,                                  )
(Serve: 11260 Cornell Park Drive                             )
Suite 708                                                    )
Cincinatti, OH 45242)                                        )
                                                             )
And                                                          )
                                                             )
TOM GRASSI,                                                  )
d/b/a Stratus Building Solutions of Cleveland)
(Serve: 7976 Broadview Road,                                 )
         Cleveland, OH  44147)                               )
                                                             )
And                                                          )

TOM GRASSI, individually,                          )
 (Serve: 7976 Broadview Road,                      )
         Cleveland, OH  44147)                     )
                                                   )
And                                                )
                                                   )
TIM TILTON,                                        )
d/b/a Stratus Building Solutions of Cleveland)     )
(Serve: 7976 Broadview Road,                       )
         Cleveland, OH  44147)                     )
                                                   )
And                                                )
                                                   )
TIM TILTON, individually,                          )
(Serve: 7976 Broadview Road,                       )
         Cleveland, OH  44147)                     )
                                                   )
And                                                )
                                                   )
Stratus Building Solutions of Oregon, Inc.,        )
(Serve: Agent: Jon A. White                        )
         4506 Pinnacle Drive                       )
         Medford, OR  97504)                       )
                                                   )
And                                                )
                                                   )
JON WHITE, individually,                           )
(Serve: 4506 Pinnacle Drive                        )
         Medford, OR  97504)                       )
                                                   )
And                                                )
                                                   )
Z3 Enterprises, LLC,                               )
d/b/a Stratus Building Solutions of Pittsburgh)    )
(Serve: Agent                                      )
         1500 Ardmore Blvd, Suite 402              )
         Pittsburgh, PA  15221)                    )
                                                   )
And                                                )
                                                   )
JAY ZYTNICK, individually,                         )
(Serve: 1500 Ardmore Blvd, Suite 402               )
         Pittsburgh, PA  15221)                    )
                                                   )
And                                                )
                                                   )

KIMBERLY ZYTNICK, individually,                )
(Serve: 1500 Ardmore Blvd, Suite 402           )
      Pittsburgh, PA  15221)                   )
                                               )
And                                            )
                                               )
HolBon Holdings, LLC,                           )
d/b/a Stratus Building Solutions of            )
      Philadelphia,                            )
(Serve: Agent                                  )
      4339 Hawk Circle                        )
      Doylestown, PA  18902)                  )
                                               )
And                                            )
                                               )
TOM WEISS, individually,                        )
(Serve: 601 Dresher Road, Suite 250,           )
      Horsham, PA  19044)                     )
                                               )
And                                            )
                                               )
JOHN COLEMAN, individually,                     )
(Serve: 601 Dresher Road, Suite 250,           )
      Horsham, PA  19044)                     )
                                               )
And                                            )
                                               )
BONNIE COLEMAN, individually,                   )
(Serve: 601 Dresher Road, Suite 250,           )
      Horsham, PA  19044)                     )
                                               )
And                                            )
                                               )
RISA ANGELO, individually,                      )
(Serve: 1500 Ardmore Boulevard                 )
Pittsburgh, PA 15221)                          )
                                               )
And                                            )
                                               )
WILLIAM KING, individually,                     )
(Serve: 1500 Ardmore Boulevard                 )
Pittsburgh, PA 15221)                          )
                                               )
And                                            )
                                               )
Kevin Gass,                                     )

d/b/a Stratus of Columbia,                                    )
(Serve: 10 Calendar Ct., Ste. 100                             )
       Columbia, SC  29206)                                  )
                                                          )
And                                                           )
                                                          )
KEVIN GASS, individually,                                     )
(Serve: 10 Calendar Ct., Ste. 100                             )
       Columbia, SC  29206)                                  )
                                                          )
And                                                           )
                                                          )
Ralph Sizemore                                                )
d/b/a Stratus of Upstate Carolina,                            )
(Serve: 420 East Park Ave., Ste. 302                          )
       Greenville, SC  29601)                                )
                                                          )
And                                                           )
                                                          )
RALPH SIZEMORE, individually,                                 )
(Serve: 420 East Park Ave., Ste. 302                          )
       Greenville, SC  29601)                                )
                                                          )
And                                                           )
                                                          )
ANGELA CARMAN, individually,                                  )
(Serve: 420 East Park Avenue #302                             )
Greenville, SC 29601)                                         )
                                                          )
And                                                           )
                                                          )
DANNY GILLESPIE, individually,                                )
(Serve: 420 East Park Avenue #302                             )
Greenville, SC 29601)                                         )
                                                          )
And                                                           )
                                                          )
D&E Holdings, LLC                                             )
d/b/a Stratus Building Solutions of Nashville)
(Serve: Agent: Business Filings Incorporated)
       800 S. Gay St., Ste 2021                              )
       Knoxville, TN  37929)                                 )
                                                          )
And                                                           )
                                                          )
DAVID SMITH, individually,                                    )

(Serve: 1 Vantage Way, Suite B-100,   )
      Nashville, TN  37228)   )
         )
And   )
         )
ED LEASE, individually,   )
(Serve: 1 Vantage Way, Suite B-100,   )
      Nashville, TN  37228)   )
         )
And   )
         )
Mark Bashforth,   )
d/b/a Stratus Building Solutions of Houston )
(Serve: 2537 South Gessner, Suite 121   )
      Houston, TX  77063)   )
         )
And   )
         )
Jayson Bashforth,   )
d/b/a Stratus Building Solutions of Houston )
(Serve: 2537 South Gessner, Suite 121   )
      Houston, TX  77063)   )
         )
And   )
         )
Greg Fishman,   )
d/b/a Stratus of Austin,   )
(Serve: 7719 Wood Hollow Drive, Suite 156)
      Austin, TX  78731)   )
         )
And   )
         )
GREG FISHMAN, individually,   )
(Serve: 7719 Wood Hollow Drive, Suite 156)
      Austin, TX  78731)   )
         )
And   )
         )
TOM BAKER,   )
d/b/a Stratus of Dallas,   )
(Serve: 1108 Dallas Drive,   )
      Denton, TX  76205)   )
         )
And   )
         )
DAWN CAUDILL,   )

d/b/a Stratus of Dallas,                                                   )
(Serve: 1108 Dallas Drive,                                                 )
          Denton, TX  76205)                                               )
                                                                           )
And                                                                        )
                                                                           )
TOM BAKER, individually,                                                   )
(Serve: 1108 Dallas Drive,                                                 )
          Denton, TX  76205)                                               )
                                                                           )
And                                                                        )
                                                                           )
DAWN CAUDILL, individually,                                                )
(Serve: 9850 Red Hill Drive,                                               )
          Cincinnati, OH  45242)                                           )
                                                                           )
And                                                                        )
                                                                           )
STEPHEN SHERIFF, individually,                                             )
(Serve: 7719 Wood Hollow Drive, Suite 156)                                 )
          Austin, TX  78731)                                               )
                                                                           )
And                                                                        )
                                                                           )
TJM ASSOCIATES, INC.,                                                      )
d/b/a Stratus of Northern Texas,                                           )
(Serve: 1108 Dallas Drive, Suite 300,                                      )
          Denton, TX  76205)                                               )
                                                                           )
And                                                                        )
                                                                           )
JACQUELYN MOSLEY, individually,                                            )
(Serve: 1108 Dallas Drive, Suite 300,                                      )
          Denton, TX  76205)                                               )
                                                                           )
And                                                                        )
                                                                           )
THOMAS MOSLEY, individually,                                               )
(Serve: 1108 Dallas Drive, Suite 300,                                      )
          Denton, TX  76205)                                               )
                                                                           )
And                                                                        )
                                                                           )
ELEAZAR QUINTANA, individually,                                            )
(Serve: 2537 S Gessner Rd. #121                                            )
Houston, TX 77063)                                                         )

And )
)
)
WILLIAM RAGSDALE, individually, )
(Serve: 1108 Dallas Drive )
Suite 300 )
Denton, TX 76205) )
)
And )
)
Stratus Building Solutions of Northern Utah )
(Serve: Agent: Lori Sealy )
      1020 N 130 W #101 )
      Logan, UT  84341) )
)
And )
)
LORI SEALY, individually, )
(Serve: 1020 N 130 W #101 )
      Logan, UT  84341) )
)
And )
)
SYDDAR, Inc., )
d/b/a Stratus Building Solutions of Salt Lake )
(Serve: Agent: Shauna Sharpsteen )
      2189 W 7000 S )
      West Jordan, UT  84084) )
)
And )
)
SHAUNA SHARPSTEEN, individually, )
(Serve: 2189 W 7000 S )
      West Jordan, UT  84084) )
)
And )
)
LUCERO FLORES, individually, )
(Serve: 5258 Pinemount Drive )
Salt Lake City, UT 84123) )
)
And )
)
EMILY THOMAS, individually, )
(Serve: 5258 Pinemount Drive )
Salt Lake City, UT 84123) )

```
                                          )
And                                       )
                                          )
SHEA SEALY, individually,                 )
(Serve: 205 East 26th Street              )
Ste 23                                    )
Ogden, UT 84401)                          )
                                          )
And                                       )
                                          )
Cordell Dean,                             )
d/b/a Stratus of Richmond                 )
(Serve: 3900 Westerre Pkwy, Ste 300       )
       Richmond, VA  23233)               )
                                          )
CORDELL DEAN, individually,               )
(Serve: 3900 Westerre Pkwy, Ste 300       )
       Richmond, VA  23233)               )
                                          )
                                          )
       Defendants.                        )
```

## COMPLAINT

COMES NOW, Jose Torres, Guadalupe Clemente, Luz Walker, Christina Beiter, and Antonio Carmona, individually and on behalf of a class of similarly situated others (hereinafter collectively referred to as "Plaintiffs"), by and through counsel, and for their causes of action against all Defendants, state and allege as follows based upon personal knowledge as to their own acts and, as to all other allegations, up information and belief, and investigation by counsel:

## PARTIES

1.  Plaintiff Jose Torres is a citizen and resident of the State of Missouri.  That at all times relevant herein, Plaintiff owned and operated a Stratus Building Solutions franchise.

2. Plaintiff Guadalupe Clemente is a citizen and resident of the State of Arizona.  That at all times relevant herein, Plaintiff owned and operated a unit franchise of PHSCCH SBS, LLC, doing business as Stratus Building Solutions of Metro Phoenix.

3. Plaintiff Luz Walker is a citizen and resident of the State of Arizona.  That at all times relevant herein, Plaintiff owned and operated a unit franchise of PHSCCH SBS, LLC, doing business as Stratus Building Solutions of Metro Phoenix.

4. Plaintiff Christina Beiter is a citizen and resident of the State of New York.  That at all times relevant herein, Plaintiff owned and operated a unit franchise of Impressive Cleaning Solutions doing business as Stratus Building Solutions of Upstate New York.

5. Plaintiff Antonio Carmona is a citizen and resident of the State of Texas.  That at all times relevant herein, Plaintiff owned and operated a unit franchise of Stratus Building Solutions of Houston.

6. Plaintiffs, collectively on behalf of themselves and others similarly situated, are hereinafter referred to as "FRANCHISEES".

7. This is a class action that the above named Plaintiffs bring on behalf of themselves and on behalf of all others similarly situated in the United States of America who have purchased Stratus Building Solutions franchise.

8. Defendant Stratus Franchising, LLC, ("Stratus Franchising"), is a limited liability company organized and existing under the laws of the State of Missouri; that Stratus Franchising, LLC sold master franchises throughout the United States pursuant to Master Franchise Agreements entered into and accepted within the State of Missouri.

9.  Defendant Simpatico, Inc., ("Simpatico") is a corporation organized and existing under the laws of the State of Missouri which previously did business as JAN-PRO Cleaning Systems of St. Louis and currently does business as Stratus Building Solutions.

10. Defendant PETER FRESE, JR. is, upon information and belief, a citizen and resident of the State of Illinois.  That at all time relevant herein, Defendant Peter Frese, Jr. was the co-founder and president of Stratus Building Solutions operating through Simpatico, Inc and Stratus Franchising, LLC. In this complaint, Defendant Peter Frese, is hereinafter referred to as "FRESE".

11. Defendant DENNIS JARRETT is, upon information and belief, a citizen and resident of the State of Illinois.  At all times relevant herein, Defendant Dennis Jarrett was the co-founder and Chief Executive Officer of Stratus Building Solutions operating through Simpatico, Inc and Stratus Franchisng, LLC.  In this complaint, Defendant Dennis Jarrett, is hereinafter referred to as "JARRETT".

12. Defendant PHSCCH SBS LLC, is a limited liability company organized and existing under the laws of the State of Arizona;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

13. Defendant Stratus Building Solutions of Arizona, Inc., is a corporation organized and existing under the laws of the State of Arizona; that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

14. Defendant CHANNEN SMITH is, upon information and belief a citizen and resident of the State of Arizona.  At all times relevant herein, Defendant Channen Smith was a master franchisee of Stratus Building Solutions and operated master franchises in at least four states, including Arizona, Kansas, Nebraska, and Colorado.

15. Defendant LUPITA GALLEGO is, upon information and belief, a resident of the State of Arizona.  Upon further information and belief, Lupita Gallego works in Administration for Stratus Building Solutions Master in Phoenix, Arizona.  Lupita Gallego made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Lupita Gallego acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

16. Defendant ED NUNEZ is, upon information and belief, a resident of the State of Arizona.  Upon further information and belief, Ed Nunez works(ed) as the Vice President/General Manager for Stratus Building Solutions Master in Phoenix,

Arizona.  Ed Nunez made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Ed Nunez acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

17. Defendant JASON DOWLING is, upon information and belief, a resident of the State of Arizona.  Upon further information and belief, Jason Dowling works(ed) as a sales consultant for Stratus Building Solutions Master in Phoenix, Arizona.  Jason Dowling made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Jason Dowling acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

18. Defendant GONZALO MORENO is, upon information and belief, a resident of the State of Arizona.  Upon further information and belief, Gonzalo Moreno works(ed) as a sales consultant for Stratus Building Solutions Master in Phoenix, Arizona.  Gonzalo Moreno made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Gonzalo Moreno acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

19. Defendant Goldeneye Holdings, LLC, is a limited liability company organized and existing under the laws of the State of California;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which

granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

20. Defendant Mark Bashforth, doing business as Stratus Building Solutions of San Diego and Stratus Building Solutions of Houston, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

21. Defendant Jayson Bashforth, doing business as Stratus Building Solutions of San Diego and Stratus Building Solutions of Houston, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was

entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

22. Defendant Afshin Cangarlu, doing business as Stratus of Los Angeles and Stratus of Inland Empire, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

23. Defendant Stratus Building Solutions of Northern California, LLC, is a limited liability company organized and existing under the laws of the State of California; that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

24. Defendant Jim Parell, doing business as Stratus of Ventura County, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

25. Defendant MARK BASHFORTH is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Mark Bashforth was a master franchisee of Stratus Building Solutions and operated master franchises in at least two states including California and Texas.

26. Defendant JAYSON BASHFORTH is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Jayson Bashforth was a master franchisee of Stratus Building Solutions and operated master franchises in at least two states including California and Texas.

27. Defendant AFSHIN CANGARLU is, upon information and belief, a citizen and resident of the State of California.  At all times relevant herein, Defendant Afshin Cangarlu was a master franchisee of Stratus Building Solutions and operated master franchises in the state of California.

28. Defendant STEVAN R. BUTCHER is, upon information and belief, a citizen and resident of the State of California.  At all times relevant herein, Defendant Stevan R. Butcher was a master franchisee of Stratus Building Solutions and operated master franchises in the state of California.

29. Defendant JIM PARELL is, upon information and belief, a citizen and resident of the State of California.  At all times relevant herein, Defendant Jim Parell was a master

franchisee of Stratus Building Solutions and operated master franchises in the state of California.

30. Defendant PETAR VAVAN is, upon information and belief, a citizen and resident of the State of California.  At all times relevant herein, Defendant Petar Vavan was a master franchisee of Stratus Building Solutions and operated master franchises in the state of California.

31. Defendant SAM VALDEZ is, upon information and belief, a resident of the State of California.  Upon further information and belief, Sam Valdez works(ed) as the Director of Operations for Stratus Building Solutions Master in Los Angeles, California.  Sam Valdez made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Sam Valdez acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

32. Defendant MARVIN ASHTON is, upon information and belief, a resident of the State of California.  Upon further information and belief, Marvin Ashton works(ed) as the Master Development Director for Stratus Building Solutions Master in Orange County, California. Marvin Ashton made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Marvin Ashton acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

33. Defendant CHRISTIAN SMITH is, upon information and belief, a resident of the State of California.  Upon further information and belief, Christian Smith works(ed) as the Sales Manager for Stratus Building Solutions Master in Los Angeles, California. Christian Smith made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Christian Smith acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

34. Defendant TABITHA GOODWIN is, upon information and belief, a resident of the State of California.  Upon further information and belief, Tabitha Goodwin works(ed) as the Director of Operations for Stratus Building Solutions Master in Los Angeles, California.  Tabitha Goodwin made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Tabitha Goodwin acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

35. Defendant EVERT DURAN is, upon information and belief, a resident of the State of California.  Upon further information and belief, Evert Duran works(ed) as the Regional Director for Stratus Building Solutions Master in San Diego, California.  Evert Duran made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Evert Duran acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

Page 36 of 124

36. Defendant Colorado Cleaning Partners, Inc., is an incorporation organized and existing under the laws of the State of Colorado;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

37. Defendant Channen Smith, doing business as Stratus of Denver, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

38. Defendant JAMES VAN DYKE is, upon information and belief, a citizen and resident of the State of Colorado.  At all times relevant herein, Defendant James Van Dyke was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Colorado.

39. Defendant JOSHUA FLETCHER is, upon information and belief, a resident of the State of Colorado.  Upon further information and belief, Joshua Fletcher works(ed) as

the Team Lead for Stratus Building Solutions Master in Denver, Colorado. Joshua

Fletcher made representations and/or omissions to some of the Plaintiffs/Class

Members both before and after they signed their Franchise Agreements.  At all times

material, Joshua Fletcher acted as an agent and/or representative of Stratus Building

Solutions, such that his conduct is attributable to one or more of the Defendants.

40. Defendant DEBORAH ELGAS is, upon information and belief, a resident of the State

of Colorado.  Upon further information and belief, Deborah Elgas works(ed) as the

Green Consultant for Stratus Building Solutions Master in Colorado Springs,

Colorado. Deborah Elgas made representations and/or omissions to some of the

Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Deborah Elgas acted as an agent and/or

representative of Stratus Building Solutions, such that her conduct is attributable to

one or more of the Defendants.

41. Defendant MERT SMITH is, upon information and belief, a resident of the State of

Colorado.  Upon further information and belief, Mert Smith works(ed) as the

Comptroller for Stratus Building Solutions Master in Colorado Springs, Colorado.

Mert Smith made representations and/or omissions to some of the Plaintiffs/Class

Members both before and after they signed their Franchise Agreements.  At all times

material, Mert Smith acted as an agent and/or representative of Stratus Building

Solutions, such that his conduct is attributable to one or more of the Defendants.

42. Defendant Jitendra Kapur, doing business as Stratus of Stamford and Westchester,

entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC,

which granted Defendant a license to use and sublicense the marks of Defendant

Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

43. Defendant JITENDRA KAPUR is, upon information and belief, a citizen and resident of the State of Connecticut.  At all times relevant herein, Defendant Jitendra Kapur was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Connecticut.

44. Defendant J. Beck, doing business as Stratus Building Solutions of Wilmington, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

45. Defendant J. BECK is, upon information and belief, a citizen and resident of the State of Delaware.  At all times relevant herein, Defendant J. Beck was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Delaware.

46. Defendant Stratus Building Solutions of Tampa St Peter, LLC, is a limited liability company organized and existing under the laws of the State of Florida;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus

Franchising, LLC, which granted Defendant a license to use and sublicense the marks
of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions,
and the right to sell subfranchises/unit franchises within an assigned territory under
the umbrella of the franchise system known as Stratus Building Solutions;  that said
Master Franchise Agreement was entered into and accepted by Defendant Stratus
Franchising, LLC, within the State of Missouri.

47. Defendant Paladin Building Services, LLC, is a limited liability company organized
and existing under the laws of the State of Florida and Georgia, doing business as
Stratus of Atlanta & Stratus of Jacksonville;  that Defendant entered into a Master
Franchise Agreement with Defendant Stratus Franchising, LLC, which granted
Defendant a license to use and sublicense the marks of Defendant Stratus
Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell
subfranchises/unit franchises within an assigned territory under the umbrella of the
franchise system known as Stratus Building Solutions;  that said Master Franchise
Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,
within the State of Missouri.

48. Defendant ERIC BROTZ is, upon information and belief, a citizen and resident of the
State of Florida.  At all times relevant herein, Defendant Eric Brotz was a master
franchisee of Stratus Building Solutions and operated master franchises in the state of
Florida.

49. Defendant DAVE BOUTWELL is, upon information and belief, a citizen and
resident of the State of Florida.  At all times relevant herein, Defendant Dave

Boutwell was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Florida.

50. Defendant JEFFREY AIBEL is, upon information and belief, a citizen and resident of the State of Georgia.  At all times relevant herein, Defendant Jeffrey Aibel was a master franchisee of Stratus Building Solutions and operated master franchises in at least two states including Florida and Georgia.

51. Defendant KAREN AIBEL is, upon information and belief, a resident of the State of Florida.  Upon further information and belief, Karen Aibel works(ed) as the President for Stratus Building Solutions Master in Florida. Karen Aibel made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Karen Aibel acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

52. Defendant LLOYD STOREY is, upon information and belief, a resident of the State of Georgia.  Upon further information and belief, Lloyd Storey works(ed) as the Senior Vice President of Operations for Stratus Building Solutions Master in Atlanta, Georgia. Lloyd Storey made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Lloyd Storey acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

53. Defendant Kukamaehu, Inc., is a corporation organized and existing under the laws of the State of Hawaii;  that Defendant entered into a Master Franchise Agreement with

Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

54. Defendant AARON KAHALOA is, upon information and belief, a citizen and resident of the State of Hawaii.  At all times relevant herein, Defendant Aaron Kahaloa was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Hawaii.

55. Defendant MALLY PORCH is, upon information and belief, a resident of the State of Hawaii.  Upon further information and belief, Mally Porch works(ed) for Stratus Building Solutions Master in Hawaii. Mally Porch made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Mally Porch acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

56. Defendant ANGEL PASCUAL is, upon information and belief, a resident of the State of Hawaii.  Upon further information and belief, Angel Pascual works(ed) for Stratus Building Solutions Master in Hawaii. Angel Pascual made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Angel Pascual acted as an agent

and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

57. Defendant Iowa Building Solutions, LLC, is a limited liability company organized and existing under the laws of the State of Iowa;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

58. Defendant LEONARD FAZIO is, upon information and belief, a citizen and resident of the State of Iowa.  At all times relevant herein, Defendant Leonard Fazio was a master franchisee of Stratus Building Solutions and operated master franchises in at least two states including Iowa and South Carolina.

59. Defendant AMY LUNDSTRUM is, upon information and belief, a resident of the State of Iowa.  Upon further information and belief, Amy Lundstrum works(ed) as the Account Manager for Stratus Building Solutions Master in Des Moines, Iowa. Amy Lundstrum made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Amy Lundstrum acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

60. Defendant MICHAEL FAZIO is, upon information and belief, a resident of the State of Iowa.  Upon further information and belief, Michael Fazio works(ed) as the Sales Director for Stratus Building Solutions Master in Des Moines, Iowa. Michael Fazio made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Michael Fazio acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

61. Defendant DPK Investments, Inc., is a corporation organized and existing under the laws of the State of Illinois;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

62. Defendant DEVANG KOTHARI is, upon information and belief, a citizen and resident of the State of Illinois.  At all times relevant herein, Defendant Devang Kothari was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Illinois.

63. Defendant BILL BLAIR is, upon information and belief, a citizen and resident of the State of Illinois.  At all times relevant herein, Defendant Bill Blair was a master

franchisee of Stratus Building Solutions and operated master franchises in the state of Illinois.

64. Defendant Shamrock Building Services, Inc., is a corporation organized and existing under the laws of the State of Indiana; that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions; that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

65. Defendant KEVIN SPELLACY is, upon information and belief, a citizen and resident of the State of Indiana. At all times relevant herein, Defendant Kevin Spellacy was a master franchisee of Stratus Building Solutions and operated master franchises in at least three states including Indiana, Kentucky, and Minnesota.

66. Defendant ROBERT PERRY is, upon information and belief, a resident of the State of Indiana. Upon further information and belief, Robert Perry works(ed) as the Director of Sales for Stratus Building Solutions Master in Indiana. Robert Perry made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements. At all times material, Robert Perry acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

67. Defendant Stratus Building Solutions of Kansas, LLC, is a limited liability company organized and existing under the laws of the State of Missouri;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

68. Defendant Knutson/Goldsmith Enterprises, LLC, is a limited liability company organized and existing under the laws of the State of Missouri;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

69. Defendant GATOR GREENWILL is, upon information and belief, a citizen and resident of the State of Kansas.  At all times relevant herein, Defendant Gator Greenwill was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Kansas.

70. Defendant PAUL L. KNUTSON is, upon information and belief, a citizen and resident of the State of Nebraska.  At all times relevant herein, Defendant Paul L. Knutson was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Kansas.

71. Defendant LUIS MORALES is, upon information and belief, a resident of the State of Kansas. Upon further information and belief, Luis Morales works(ed) as the Operations Manager for Stratus Building Solutions Master in Overland Park, Kansas. Luis Morales made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Luis Morales acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

72. Defendant Shamrock Building Services, LLC, is a limited liability company organized and existing under the laws of the State of Kentucky;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

73. Defendant DENISE GUITIERREZ is, upon information and belief, a resident of the State of Kentucky.  Upon further information and belief, Denise Guitierrez works(ed) as the Area Manager for Stratus Building Solutions Master in Louisville, Kentucky.

Denise Guitierrez made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Denise Guitierrez acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

74. Defendant PAMELA MARTINS is, upon information and belief, a resident of the State of Kentucky.  Upon further information and belief, Pamela Martins works(ed) as the Regional Director for Stratus Building Solutions Master in Louisville, Kentucky. Pamela Martins made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Pamela Martins acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

75. Defendant JEREMY WHETSTINE is, upon information and belief, a resident of the State of Kentucky.  Upon further information and belief, Jeremy Whetstine works(ed) as the District Manager for Stratus Building Solutions Master in Lexington, Kentucky. Jeremy Whetstine made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Jeremy Whetstine acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

76. Defendant TAYLOR STINNETTE is, upon information and belief, a resident of the State of Kentucky.  Upon further information and belief, Taylor Stinnette works(ed)

as the Sales Manager for Stratus Building Solutions Master in Louisville, Kentucky.

Taylor Stinnette made representations and/or omissions to some of the

Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Taylor Stinnette acted as an agent and/or

representative of Stratus Building Solutions, such that her conduct is attributable to

one or more of the Defendants.

77. Defendant JOSUE RANGEL is, upon information and belief, a resident of the State

of Kentucky.  Upon further information and belief, Josue Rangel works(ed) as the

Operations Manager for Stratus Building Solutions Master in Louisville, Kentucky.

Josue Rangel made representations and/or omissions to some of the Plaintiffs/Class

Members both before and after they signed their Franchise Agreements.  At all times

material, Josue Rangel acted as an agent and/or representative of Stratus Building

Solutions, such that his conduct is attributable to one or more of the Defendants.

78. Defendant STEPHANIE MCDANIEL is, upon information and belief, a resident of

the State of Kentucky.  Upon further information and belief, Stephanie McDaniel

works(ed) as the Inside Sales Representative for Stratus Building Solutions Master in

Louisville, Kentucky. Stephanie McDaniel made representations and/or omissions to

some of the Plaintiffs/Class Members both before and after they signed their

Franchise Agreements.  At all times material, Stephanie McDaniel acted as an agent

and/or representative of Stratus Building Solutions, such that her conduct is

attributable to one or more of the Defendants.

79. Defendant Stratus Building Solutions of Lafayette, LLC, is a limited liability

company organized and existing under the laws of the State of Louisiana;  that

Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

80.  Defendant SHAUN STECKLER is, upon information and belief, a citizen and resident of the State of Louisiana.  At all times relevant herein, Defendant Shuan Steckler was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Louisiana.

81. Defendant RINEA BLANCHARD is, upon information and belief, a resident of the State of Louisiana.  Upon further information and belief, Rinea Blanchard works(ed) as the Account Executive for Stratus Building Solutions Master in Lafayette, Louisiana. Rinea Blanchard made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Rinea Blanchard acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

82. Defendant Napco Group, LLC, is a limited liability company organized and existing under the laws of the State of Maryland;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus

Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the

franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

83. Defendant MIKE NAPOLITANO is, upon information and belief, a citizen and

resident of the State of Maryland.  At all times relevant herein, Defendant Mike

Napolitano was a master franchisee of Stratus Building Solutions and operated master

franchises in the state of Maryland.

84. Defendant ANTHONY NAPOLITANO is, upon information and belief, a resident of

the State of Maryland.  Upon further information and belief, Anthony Napolitano

works(ed) as the Regional Director for Stratus Building Solutions Master in

Maryland. Anthony Napolitano made representations and/or omissions to some of the

Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Anthony Napolitano acted as an agent and/or

representative of Stratus Building Solutions, such that his conduct is attributable to

one or more of the Defendants.

85. Defendant CARMEN GARCIA is, upon information and belief, a resident of the

State of Missouri.  Upon further information and belief, Carmen Garcia works(ed) as

the Director of Master Development for Stratus Building Solutions Master in St.

Louis, Missouri. Carmen Garcia made representations and/or omissions to some of

the Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Carmen Garcia acted as an agent and/or

representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

86. Defendant DAVID FARRELL is, upon information and belief, a resident of the State of Missouri.  Upon further information and belief, David Farrell works(ed) as the Vice President of Master Development for Stratus Building Solutions Master in St. Louis, Missouri. David Farrell made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, David Farrell acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

87. Defendant MARISA LATHER is, upon information and belief, a resident of the State of Missouri.  Upon further information and belief, Marisa Lather works(ed) as the National Marketing Manager for Stratus Building Solutions Master in St. Louis, Missouri. Marisa Lather made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Marisa Lather acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

88. Defendant ALEN SULJANOVIC is, upon information and belief, a resident of the State of Missouri.  Upon further information and belief, Alen Suljanovic works(ed) as the Operations Manager for Stratus Building Solutions Master in St. Louis, Missouri. Alen Suljanovic made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Alen Suljanovic acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

89. Defendant BOB STAPLETON is, upon information and belief, a resident of the State of Missouri.  Upon further information and belief, Bob Stapleton works as Director of Franchise Development for Stratus Building Solutions Master in St. Louis, Missouri. Bob Stapleton made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Bob Stapleton acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

90. Defendant Stratus Building Solutions of Minnesota, is a limited liability company organized and existing under the laws of the State of Indiana;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

91. Defendant JOHN MCDONALD is, upon information and belief, a resident of the State of Minnesota.  Upon further information and belief, John McDonald works(ed) as the Regional Director for Stratus Building Solutions Master in Minneapolis, Minnesota. John McDonald made representations and/or omissions to some of the

Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, John McDonald acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

92. Defendant LORENA ARISTIZABAL is, upon information and belief, a resident of the State of Minnesota.  Upon further information and belief, Loren Aristizabal works(ed) as the Franchise Developer for Stratus Building Solutions Master in Minneapolis, Minnesota. Lorena Aristizabal made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Lorena Aristizabal acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

93. Defendant TTK Investments, Inc., is a corporation organized and existing under the laws of the State of North Carolina;  that Defendant entered into three Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within three assigned territories under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.  Defendant TTK Investments, Inc. also has a forth territory doing business under Stratus Building Solutions of Columbia in South Carolina.

94. Defendant Jason Potts, doing business as Stratus Building Solutions of Raleigh in North Carolina, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

95. Defendant Mariam Hernandez, doing business as Stratus Building Solutions of Concord in North Carolina, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

96. Defendant TODD KNIGHT is, upon information and belief, a citizen and resident of the State of North Carolina.  At all times relevant herein, Defendant Todd Knight was a master franchisee of Stratus Building Solutions and operated master franchises in the state of North Carolina.

97. Defendant JASON POTTS is, upon information and belief, a citizen and resident of the State of North Carolina.  At all times relevant herein, Defendant Jason Potts was a

master franchisee of Stratus Building Solutions and operated master franchises in the state of North Carolina.

98. Defendant BILL HOLDEN is, upon information and belief, a citizen and resident of the State of North Carolina.  At all times relevant herein, Defendant Bill Holden was a master franchisee of Stratus Building Solutions and operated master franchises in the state of North Carolina.

99. Defendant TONY SMITS is, upon information and belief, a citizen and resident of the State of North Carolina.  At all times relevant herein, Defendant Tony Smits was a master franchisee of Stratus Building Solutions and operated master franchises in the state of North Carolina.

100.    Defendant MARIAM HERNANDEZ is, upon information and belief, a citizen and resident of the State of North Carolina.  At all times relevant herein, Defendant Miriam Hernandez was a master franchisee of Stratus Building Solutions and operated master franchises in the state of North Carolina.

101.    Defendant BRANDON SMITS is, upon information and belief, a resident of the State of North Carolina.  Upon further information and belief, Brandon Smiths works(ed) as the Office Manager for Stratus Building Solutions Master in North Carolina. Brandon Smits made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Brandon Smits acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

102.     Defendant CRAIG BALLARD is, upon information and belief, a resident of the

State of North Carolina.  Upon further information and belief, Craig Ballard

works(ed) as the Sales Manager for Stratus Building Solutions Master in Raleigh,

North Carolina. Craig Ballard made representations and/or omissions to some of the

Plaintiffs/Class Members both before and after they signed their Franchise

Agreements.  At all times material, Craig Ballard acted as an agent and/or

representative of Stratus Building Solutions, such that his conduct is attributable to

one or more of the Defendants.

103.     Defendant Stratus Building Solutions of Omaha, is a limited liability company

organized and existing under the laws of the State of Nebraska;  that Defendant

entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC,

which granted Defendant a license to use and sublicense the marks of Defendant

Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right

to sell subfranchises/unit franchises within an assigned territory under the umbrella of

the franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

104.     Defendant Stratus Building Solutions of Nebraska, is a limited liability company

organized and existing under the laws of the State of Nebraska;  that Defendant

entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC,

which granted Defendant a license to use and sublicense the marks of Defendant

Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right

to sell subfranchises/unit franchises within an assigned territory under the umbrella of

the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

105.    Defendant CHELLEY BAACK is, upon information and belief, a resident of the State of Nebraska.  Upon further information and belief, Chelley Baack works(ed) as the Account Representative for Stratus Building Solutions Master in Omaha, Nebraska. Chelley Baack made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Chelley Baack acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

106.    Defendant JIM MORRISON is, upon information and belief, a resident of the State of Nebraska.  Upon further information and belief, Jim Morrison works(ed) as the Vice President and General Manager for Stratus Building Solutions Master in Omaha, Nebraska. Jim Morrison made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Jim Morrison acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

107.    Defendant SHAWN VICK is, upon information and belief, a resident of the State of Nebraska.  Upon further information and belief, Shawn Vick works(ed) as the Regional Director for Stratus Building Solutions Master in Omaha, Nebraska. Shawn Vick made representations and/or omissions to some of the Plaintiffs/Class Members

both before and after they signed their Franchise Agreements.  At all times material, Shawn Vick acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

108.    Defendant ARISS ROGEL is, upon information and belief, a resident of the State of Nebraska.  Upon further information and belief, Ariss Rogel works(ed) as the Operations Manager for Stratus Building Solutions Master in Omaha, Nebraska. Ariss Rogel made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Ariss Rogel acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

109.    Defendant Joy Community Development Corporation, is a company organized and existing under the laws of the State of New Jersey;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

110.    Defendant Sunshine Investment Group, Inc, is a company organized and existing under the laws of the State of New Jersey;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus

Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the

franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

111.    Defendant DE'ANDRE SALTER is, upon information and belief, a citizen and

resident of the State of New Jersey.  At all times relevant herein, Defendant De'Andre

Salter was a master franchisee of Stratus Building Solutions and operated master

franchises in the state of New Jersey.

112.    Defendant JEROME WILLIAMS is, upon information and belief, a citizen and

resident of the State of New Jersey.  At all times relevant herein, Defendant Jerome

Williams was a master franchisee of Stratus Building Solutions and operated master

franchises in the state of New Jersey.

113.    Defendant DON GARTNER is, upon information and belief, a resident of the

State of New Jersey.  Upon further information and belief, Don Gartner works(ed) as

the President for Stratus Building Solutions Master in Northern New Jersey. Don

Gartner made representations and/or omissions to some of the Plaintiffs/Class

Members both before and after they signed their Franchise Agreements.  At all times

material, Don Gartner acted as an agent and/or representative of Stratus Building

Solutions, such that his conduct is attributable to one or more of the Defendants.

114.    Defendant Rob Salazar, doing business as Stratus Building Solutions of

Albuquerque in New Mexico, entered into a Master Franchise Agreement with

Defendant Stratus Franchising, LLC, which granted Defendant a license to use and

sublicense the marks of Defendant Stratus Franchising, LLC, doing business as
Stratus Building Solutions, and the right to sell subfranchises/unit franchises within
an assigned territory under the umbrella of the franchise system known as Stratus
Building Solutions;  that said Master Franchise Agreement was entered into and
accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

115.    Defendant ROB SALAZAR is, upon information and belief, a citizen and resident
of the State of New Mexico.  At all times relevant herein, Defendant Rob Salazar was
a master franchisee of Stratus Building Solutions and operated master franchises in
the state of New Mexico.

116.    Defendant Quail Run Enterprises, Inc., is a corporation organized and existing
under the laws of the State of Nevada;  that Defendant entered into a Master
Franchise Agreement with Defendant Stratus Franchising, LLC, which granted
Defendant a license to use and sublicense the marks of Defendant Stratus
Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell
subfranchises/unit franchises within an assigned territory under the umbrella of the
franchise system known as Stratus Building Solutions;  that said Master Franchise
Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,
within the State of Missouri.

117.    Defendant DENNIS SNYDER is, upon information and belief, a citizen and
resident of the State of Nevada.  At all times relevant herein, Defendant Dennis
Snyder was a master franchisee of Stratus Building Solutions and operated master
franchises in the state of Nevada.

118.    Defendant Stratus Building Solutions of Long Island, Inc., is a corporation

organized and existing under the laws of the State of New York;  that Defendant

entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC,

which granted Defendant a license to use and sublicense the marks of Defendant

Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right

to sell subfranchises/unit franchises within an assigned territory under the umbrella of

the franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

119.    Defendant Impressive Cleaning Solutions, Inc., is a corporation organized and

existing under the laws of the State of New York;  that Defendant entered into a

Master Franchise Agreement with Defendant Stratus Franchising, LLC, which

granted Defendant a license to use and sublicense the marks of Defendant Stratus

Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/ unit franchises within an assigned territory under the umbrella of the

franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

120.    Defendant Craig Donovan, doing business as Stratus Building Solutions of WNY,

entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC,

which granted Defendant a license to use and sublicense the marks of Defendant

Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right

to sell subfranchises/unit franchises within an assigned territory under the umbrella of

the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

121.    Defendant Zev Berglas, doing business as Stratus Building Solutions of Hudson Valley, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

122.    Defendant KEN CASSERI is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Ken Casseri was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

123.    Defendant ZEV BERGLAS is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Zev Berglas was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

124.    Defendant JOEL CRADDOCK is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Joel Craddock was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

125.    Defendant RICK BARAN is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Rick Baran was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

126.    Defendant CRAIG DONOVAN is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Craig Donovan was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

127.    Defendant MARK LINDAMAN is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Mark Lindaman was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

128.    Defendant VINCE DUNSTON is, upon information and belief, a citizen and resident of the State of New York.  At all times relevant herein, Defendant Vince Dunston was a master franchisee of Stratus Building Solutions and operated master franchises in the state of New York.

129.    Defendant STEPHEN REED is, upon information and belief, a resident of the State of New York.  Upon further information and belief, Stephen Reed works(ed) as the Regional Director for Stratus Building Solutions Master in Rochester, New York. Stephen Reed made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Stephen Reed acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

130.    Defendant GEORGE SHOAT is, upon information and belief, a resident of the State of New York.  Upon further information and belief, George Shoat works(ed) as the Operations Manager for Stratus Building Solutions Master in Rochester, New York. George Shoat made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, George Shoat acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

131.    Defendant ADAM CASSERI is, upon information and belief, a resident of the State of New York.  Upon further information and belief, Adam Casseri works(ed) as the Operations Manager for Stratus Building Solutions Master in Buffalo, New York. Adam Casseri made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Adam Casseri acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

132.    Defendant DEWAN BACHAI is, upon information and belief, a resident of the State of New York.  Upon further information and belief, Dewan Bachai works(ed) as the Sales Director for Stratus Building Solutions Master in New York, New York. Dewan Bachai made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Dewan Bachai acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

133.    Defendant MARRS, LLC, is a limited liability company organized and existing under the laws of the State of Ohio;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

134.    Defendant Tom Grassi, doing business as Stratus Building Solutions of Cleveland, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

135.    Defendant Tim Tilton, doing business as Stratus Building Solutions of Cleveland, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

136.    Defendant MARK STOCKER is, upon information and belief, a citizen and resident of the State of Ohio.  At all times relevant herein, Defendant Mark Stocker was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Ohio.

137.    Defendant TOM GRASSI is, upon information and belief, a citizen and resident of the State of Ohio.  At all times relevant herein, Defendant Tom Grassi was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Ohio.

138.    Defendant TIM TILTON is, upon information and belief, a citizen and resident of the State of Ohio.  At all times relevant herein, Defendant Tim Tilton was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Ohio.

139.    Defendant TERRY BEHRLE is, upon information and belief, a resident of the State of Ohio.  Upon further information and belief, Terry Behrle works(ed) as the Vice President for Stratus Building Solutions Master in Cincinnati, Ohio. Terry Behrle made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Terry Behrle acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

140.    Defendant Stratus Building Solutions of Oregon, Inc, is a company organized and existing under the laws of the State of Oregon;  that Defendant entered into a Master

Franchise Agreement with Defendant Stratus Franchising, LLC, which granted

Defendant a license to use and sublicense the marks of Defendant Stratus

Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the

franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

141.     Defendant JON WHITE is, upon information and belief, a citizen and resident of

the State of Oregon.  At all times relevant herein, Defendant Jon White was a master

franchisee of Stratus Building Solutions and operated master franchises in the state of

Oregon.

142.     Defendant Z3 Enterprises, LLC, is a limited liability company organized and

existing under the laws of the State of Pennsylvania;  that Defendant entered into a

Master Franchise Agreement with Defendant Stratus Franchising, LLC, which

granted Defendant a license to use and sublicense the marks of Defendant Stratus

Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the

franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC,

within the State of Missouri.

143.     Defendant HolBon Holdings, LLC, is a limited liability company organized and

existing under the laws of the State of Pennsylvania;  that Defendant entered into a

Master Franchise Agreement with Defendant Stratus Franchising, LLC, which

granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

144.     Defendant TOM WEISS is, upon information and belief, a citizen and resident of the State of Pennsylvania.  At all times relevant herein, Defendant Tom Weiss was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Pennsylvania.

145.     Defendant JOHN COLEMAN is, upon information and belief, a citizen and resident of the State of Pennsylvania.  At all times relevant herein, Defendant John Coleman was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Pennsylvania.

146.     Defendant BONNIE COLEMAN is, upon information and belief, a citizen and resident of the State of Pennsylvania.  At all times relevant herein, Defendant Bonnie Coleman was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Pennsylvania.

147.     Defendant JAY ZYTNICK is, upon information and belief, a citizen and resident of the State of Pennsylvania.  At all times relevant herein, Defendant Jay Zytnick was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Pennsylvania.

148.     Defendant KIMBERLY ZYTNICK is, upon information and belief, a citizen and resident of the State of Pennsylvania.  At all times relevant herein, Defendant Kimberly Zytnick was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Pennsylvania.

149.     Defendant RISA ANGELO is, upon information and belief, a resident of the State of Pennsylvania.  Upon further information and belief, Risa Angelo works(ed) as the Office Manager for Stratus Building Solutions Master in Pittsburgh, Pennsylvania. Risa Angelo made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Risa Angelo acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

150.     Defendant WILLIAM KING is, upon information and belief, a resident of the State of Pennsylvania.  Upon further information and belief, William King works(ed) as the Operations Manager for Stratus Building Solutions Master in Pittsburgh, Pennsylvania. William King made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, William King acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

151.     Defendant Kevin Gass, doing business as Stratus of Columbia, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell

subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

152.    Defendant Ralph Sizemore, doing business as Stratus of Upstate Carolina, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

153.    Defendant KEVIN GASS is, upon information and belief, a citizen and resident of the State of South Carolina.  At all times relevant herein, Defendant Kevin Gass was a master franchisee of Stratus Building Solutions and operated master franchises in the state of South Carolina.

154.    Defendant RALPH SIZEMORE is, upon information and belief, a citizen and resident of the State of South Carolina.  At all times relevant herein, Defendant Ralph Sizemore was a master franchisee of Stratus Building Solutions and operated master franchises in the state of South Carolina.

155.    Defendant ANGELA CARMAN is, upon information and belief, a resident of the State of South Carolina.  Upon further information and belief, Angela Carman works(ed) as the Account Executive for Stratus Building Solutions Master in

Greenville, South Carolina. Angela Carman made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Angela Carman acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

156.    Defendant DANNY GILLESPIE is, upon information and belief, a resident of the State of South Carolina.  Upon further information and belief, Danny Gillespie works(ed) as the Operations Manager for Stratus Building Solutions Master in Greenville, South Carolina.  Danny Gillespie made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Danny Gillespie acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

157.    Defendant D&E Holdings, LLC, is a limited liability company organized and existing under the laws of the State of Tennessee;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

158.    Defendant ED LEASE is, upon information and belief, a citizen and resident of the State of Tennessee.  At all times relevant herein, Defendant Ed Lease was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Tennessee.

159.    Defendant DAVID SMITH is, upon information and belief, a citizen and resident of the State of Tennessee.  At all times relevant herein, Defendant David Smith was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Tennessee.

160.    Defendant TJM ASSOCIATES, INC., is a company organized and existing under the laws of the State of Texas;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

161.    Defendant Greg Fishman, doing business as Stratus of Austin, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise

Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

162.    Defendant TOM BAKER, doing business as Stratus of Dallas, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

163.    Defendant DAWN CAUDILL, doing business as Stratus of Dallas, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

164.    Defendant JACUELYN MOSLEY is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Jacquelyn Mosley was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

165.     Defendant THOMAS MOSLEY is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Thomas Mosley was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

166.     Defendant STEPHEN SHERIFF is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Stephen Sheriff was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

167.     Defendant GREG FISHMAN is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Greg Fishman was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

168.     Defendant TOM BAKER is, upon information and belief, a citizen and resident of the State of Texas.  At all times relevant herein, Defendant Tom Baker was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

169.     Defendant DAWN CAUDILL is, upon information and belief, a citizen and resident of the State of Ohio.  At all times relevant herein, Defendant Dawn Caudill was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Texas.

170.     Defendant ELEAZAR QUINTANA is, upon information and belief, a resident of the State of Texas.  Upon further information and belief, Eleazar Quintana works(ed) as the Regional Director for Stratus Building Solutions Master in Houston, Texas.

Eleazar Quintana made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Eleazar Quintana acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

171.    Defendant WILLIAM RAGSDALE is, upon information and belief, a resident of the State of Texas.  Upon further information and belief, William Ragsdale works(ed) as the Inside Sales Representative for Stratus Building Solutions Master in Dallas, Texas. William Ragsdale made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, William Ragsdale acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

172.    Defendant Stratus Building Solutions of Northern Utah, is a limited liability company organized and existing under the laws of the State of Utah;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

173.   Defendant SYDDAR, Inc., is a corporation organized and existing under the laws of the State of Utah;  that Defendant entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

174.    Defendant LORI SEALY is, upon information and belief, a citizen and resident of the State of Utah.  At all times relevant herein, Defendant Lori Sealy was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Utah.

175.    Defendant SHUANA SHARPSTEEN is, upon information and belief, a citizen and resident of the State of Utah.  At all times relevant herein, Defendant Shuana Sharpsteen was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Utah.

176.    Defendant LUCERO FLORES is, upon information and belief, a resident of the State of Utah.  Upon further information and belief, Lucero Flores works(ed) as the Franchise Salesman for Stratus Building Solutions Master in Salt Lake City, Utah. Lucero Flores made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Lucero Flores acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

177.    Defendant EMILY THOMAS is, upon information and belief, a resident of the State of Utah.  Upon further information and belief, Emily Thomas works(ed) as the Office Manager for Stratus Building Solutions Master in Salt Lake City, Utah. Emily Thomas made representations and/or omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Emily Thomas acted as an agent and/or representative of Stratus Building Solutions, such that her conduct is attributable to one or more of the Defendants.

178.    Defendant SHEA SEALY is a resident of the State of Utah. Upon information and belief, Shea Sealy works(ed) as the Chief Executive Officer for Stratus Building Solutions Master in Utah. Shea Sealy made representations and omissions to some of the Plaintiffs/Class Members both before and after they signed their Franchise Agreements.  At all times material, Shea Sealy acted as an agent and/or representative of Stratus Building Solutions, such that his conduct is attributable to one or more of the Defendants.

179.    Defendant Cordell Dean, doing business as Stratus of Richmond, entered into a Master Franchise Agreement with Defendant Stratus Franchising, LLC, which granted Defendant a license to use and sublicense the marks of Defendant Stratus Franchising, LLC, doing business as Stratus Building Solutions, and the right to sell subfranchises/unit franchises within an assigned territory under the umbrella of the franchise system known as Stratus Building Solutions;  that said Master Franchise Agreement was entered into and accepted by Defendant Stratus Franchising, LLC, within the State of Missouri.

180.    Defendant CORDELL DEAN is, upon information and belief, a citizen and resident of the State of Virginia.  At all times relevant herein, Defendant Cordell Dean was a master franchisee of Stratus Building Solutions and operated master franchises in the state of Virginia.

181.    In this complaint, the term "SBS" refers to the web of affiliated companies, corporations, limited liabilities, franchisor, master franchisees, and their employees, representatives, and/or agents, that, acting together or separately, control and/or manage and/or assist the business of the Stratus Building Solutions franchise system.

182.    In this complaint, the term "FRANCHISOR" refers to Defendant Simpatico, Inc. and Stratus Franchising, LLC collectively.

183.    In this complaint, Defendants Channen Smith, Mark Bashforth, Jayson Bashforth, Afshin Cangarlu, Stevan R. Butcher, Jim Parell, Petar Vavan, James Van Dyke, Jitendra Kapur, J. Beck, Eric Brotz, Dave Boutwell, Jeffrey Aibel, Scott Brown, Annie Gonzalez, Aaron Kahaloa, Leonard Fazio, Devang Kothari, Bill Blair, Kevin Spellacy, Gater Greenwill, Paul L. Knutson, Shaun Steckler, Mike Napolitano, Todd Knight, Jason Potts, Bill Holden, Tony Smits, Mariam Hernandez, De'Andre Salter, Jerome Williams, Rob Salazar, Dennis Snyder, Ken Casseri, Zev Berglas, Joel Craddock, Tom Grassi, Tim Tilton, Mark Stocker, Jon White, Tom Weiss, Bonnie Coleman, John Coleman, Jay Zytnick, Kimberly Zytnick, Kevin Gass, Ralph Sizemore, Ed Lease, David Smith, Jacquelyn Mosley, Thomas Mosley, Stephen Sheriff, Greg Fishman, Tom Baker, Dawn Caudill, Lori Sealy, Shauna Sharpstein, and Cordell Dean, are hereinafter collectively referred to as "MASTERS".

184.     In this complaint, Defendants PHSCCH SBS, LLC, Stratus Building Solutions of

Arizona, Inc., Goldeneye Holdings, Inc. doing business as Stratus of Orange County,

Mark & Jayson Bashforth doing business as Stratus Building Solutions of San Diego,

Afshin Cangarlu doing business as Stratus of Los Angeles, Afshin Cangarlu doing

business as Stratus of Inland Empire, Stratus Building Solutions of Northern

California, LLC doing business as Stratus of Sacramento, Jim Parell doing business

as Stratus of Ventura County, Colorado Cleaning Partners, Inc. doing business as

Stratus Building Solutions of Southern Colorado, Channen Smith doing business as

Stratus of Denver, Jitendra Kapur doing business as Stratus of Stanford and

Westchester, J. Beck doing business as Stratus Building Solutions of Wilmington,

Stratus Building Solutions of Tampa St. Pete, LLC, Paladin Building Services, LLC

doing business as Stratus of Jacksonville, Paladin Building Services, LLC doing

business as Stratus of Atlanta, Kukamaehu, Inc doing business as Stratus of

Honolulu, Iowa Building Solutions, LLC doing business as Stratus of Iowa, DPK

Investments, Inc. doing business as Stratus of Chicago, Shamrock Building Services,

Inc. doing business as Stratus of Indianapolis, Stratus Building Solutions of Kansas,

LLC, Knutson/Goldsmith Enterprises, LLC, Shamrock Building Services, LLC doing

business as Stratus of Louisville, Stratus Building Solutions of Lafayette, LLC,

Napco Group, Inc. doing business as Stratus Building Solutions of Maryland, Stratus

Building Solutions of Minnesota, TTK Investments, Inc. doing business as Stratus of

Concord, TTK Investments Inc. doing business as Stratus of the Triad, TTK

Investments Inc. doing business as Stratus of Charlotte, Jason Potts doing business as

Stratus of Raleigh, Mariam Hernandez doing business as Stratus of Concord, Stratus

Building Solutions of Omaha, Stratus Building Solutions of Nebraska, Joy
Community Development Corporation doing business as Stratus Building Solutions
of Central New Jersey, Sunshine Investment Group, Inc. doing business as Stratus of
Northern New Jersey, Rob Salazar doing business as Stratus of Albuquerque, Quail
Run Enterprises, Inc. doing business as Stratus Building Solutions of Las Vegas,
Stratus Building Solutions of Long Island, Inc., Impressive Cleaning Solutions, Inc.
doing business as Stratus of Buffalo, Craig Donovan doing business as Stratus
Building Solutions of Western New York, MARRS, LLC doing business as Stratus
Building Solutions of Cincinnati, Stratus Building Solutions of Oregon, Inc., Z3
Enterprises, LLC doing business as Stratus Building Solutions of Pittsburgh, HolBon
Holdings, LLC doing business as Stratus Building Solutions of Philadelphia, TTK
Investments, Inc. doing business as Stratus of Columbia, Kevin Gass doing business
as Stratus of Columbia, Ralph Sizemore doing business as Stratus of Upstate
Carolina, D&E Holdings, LLC doing business as Stratus Building Solutions of
Nashville, Mark & Jayson Bashforth doing business as Stratus Building Solutions of
Houston, LLC, TJM Associates, Inc. doing business as Stratus of Northern Texas,
Greg Fishman doing business as Stratus of Austin, Tom Baker & Dawn Caudill doing
business as Stratus of Dallas, Stratus Building Solutions of Northern Utah, Syddar,
Inc. doing business as Stratus Building Solutions of Salt Lake, and Cordell Dean
doing business as Stratus of Richmond are hereinafter collectively referred to as
"MASTER FRANCHISES".

185.    In this complaint, Defendants, Lupita Gallego, Ed Nunez, Gonzalo Moreno, Sam
Valdez, Marvin Ashton, Christian Smith, Tabitha Goodwin, Evert Duran, Joshua

Fletcher, Deborah Elgas, Mert Smith, Kate Gantier, Karen Aibel, Llyod Storey, Mally Porch, Angel Pascual, Michael Fazio, Amy Lundstrum, Robert Perry, Luis Morales, Denise Guiterrez, Pamella Martins, Jeremy Whetstine, Taylor Stinnette, Josue Rangel, Stephanie McDaniel, Rinea Blanchard, Anthony Napolitano, Carmen Garcia, David Farrell, Marisa Lather, Alen Suljanovic, John McDonald, Lorena Aristizabal, Craig Ballard, Brandon Smits, Chelley Baack, Jim Morrison, Shawn Vick, Ariss Rogel, Don Gartner, Stephen Reed, George Shoat, Adam Casseri, Dewan Bachai, Terry Behrle, Risa Angelo, William King, Angela Carman, Danny Gillespie, Eleazar Quintana, William Ragsdale, Lucero Flores, Emily Thomas, and Shea Sealy, are hereinafter collectively referred to as "REPRESENTATIVES".

186.    Plaintiffs have further information and belief that more discovery in this complaint will lead to additional MASTERS, MASTER FRANCHISES, and REPRESENTATIVES.

<u>JURISDICTION AND VENUE</u>

187.    This Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 1964(c) over the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.

188.    This court has subject matter jurisdiction over the Plaintiffs' claim brought under RICO pursuant to 28 U.S.C. § 1331.

189.    Venue is proper in this Court under 28 U.S.C. § 1391 (b) (2) because a substantial part of the events or omissions giving rise to the claims of the Plaintiffs occurred in this judicial district: Simpatico and Stratus Franchising operate and do business in the Eastern District of Missouri, and a substantial part of the events giving rise to

Plaintiffs' claims occurred in the Eastern District of Missouri.

190.    Venue is also proper pursuant to the nationwide venue provisions under 18 U.S.C.

§ 1965: Simpatico and Stratus Franchising operate and do business in the Eastern

District of Missouri, are found in the Eastern District of Missouri, have a registered

agent in the Eastern District of Missouri and transact business in the Eastern District

of Missouri.

## NATURE OF THE CASE:

191.    This is a class action brought by unit franchisees of the Stratus Building Solutions

franchise system ("SBS") arising from the illegal business scheme of SBS and its web

of affiliated entities and individuals who control and operate the SBS franchise

system (collectively, all the "Defendants").  Through this scheme, Defendants

fraudulently induced Plaintiffs and the Class to purchase a cleaning franchise and

thereafter exploited their control and economic power in order to extract exorbitant

and unjustifiable payments and expenditures from their franchisees.  As a result,

Defendants reap grossly inflated sales and profits, creating an illusion of corporate

growth and business prosperity while causing substantial, permanent, irreparable

financial harm to the franchisees.

192.    SBS's illegal scheme consists of two primary components.  First, SBS engages in

a policy of fraudulently and deceptively inducing franchisees to purchase SBS

franchises by intentionally misrepresenting the true nature of the contractual

relationship as well as the financial prospects for the franchisee and their likelihood

of success.  Second, SBS further takes advantage of its franchisees through other

illegal, deceptive and fraudulent means, including but not limited to its willful

practice of: (a) saturating geographic areas with more franchise than the area could reasonably support, (b) through grossly underpricing the service work to be provided by the franchisees, (c) through the deceptively churning the service accounts between the franchisees, and (d) charging illegal, undisclosed, inflated fees/charges to the franchisees in order to reduce the franchisees' income.

193.    The fraudulent intent underlying SBS's scheme of deceptively luring franchisees to participate in its system and therefore extracting payments, franchise fees, and cleaning contract income is demonstrated by its pattern of behavior when the inevitable franchise failures come to pass.  In this manner, SBS suffers no loss.  SBS executes the same scheme against the new franchisees to continue the illegal scheme of increasing revenues of the backs of those with no control.

194.    Plaintiffs bring this action alleging violations of: (a) the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1962(c).  Plaintiffs seek damages to remedy Defendants' unconscionable, fraudulent, and unlawful practices in connection with the operation of its franchise scheme.

## THE BIRTH OF STRATUS BUILDING SOLUTIONS

195.    SBS has been in business since 2004, when Defendant Simpatico began operating a system of franchised cleaning/janitorial companies and offering franchises for sale to members of the public in Missouri.

196.    Prior to April of 2004, Defendant Simpatico operated as a Master Franchisee of Jan-Pro Franchising International, Inc. ("Jan-Pro").

197.    As a Master Franchisee, Defendant Simpatico sold franchises in the cleaning and janitorial industry under the Jan-Pro umbrella in a limited geographical area which

included the St. Louis Metropolitan area.  *(See Franchise Agreement dated August 7, 2002, between Simpatico, Inc., d/b/a JAN-PRO Cleaning Systems of St. Louis and Mesud Kekic attached hereto as Exhibit "1").*

198.    In April of 2004, Defendant Simpatico ceased doing business as Jan-Pro and disaffiliated itself from Jan-Pro.  Thereafter, Defendant Simpatico began doing business as Stratus Building Solutions.

199.    Pete Frese, Jr. was the sole officer and shareholder of Simpatico, Inc., as of April of 2004.

200.    All franchises previously sold by Defendant Simpatico were transferred to Simpatico doing business as Stratus Building Solutions.  *(See Exhibit "2").*

201.    Any new franchises sold by Defendant Simpatico after April of 2004 were sold under its new fictitious name, Stratus Building Solutions.  *(See Franchise Agreement dated October 18, 2007, between Simpatico Inc., a Missouri corporation d/b/a Stratus Building Solutions and Raso Alimanovic attached hereto as Exhibit "3").*

202.    Simpatico sells and has sold franchises directly to unit franchisees in the St. Louis Metropolitan Area and nowhere else in the United States.

203.    Defendant Simpatico, in effect, continued using the same business model as Jan-Pro, only as an independent entity and not as a Master Franchisee.

204.    The Franchise Agreements utilized by Defendant Simpatico were identical to those used by Simpatico while it was a Master Franchisee of Jan-Pro.

205.    Defendant Simpatico marketed a concept in which individuals could purchase a "Stratus Building Solutions" franchise and set up their own businesses with extensive assistance from Defendant Simpatico.

206.   Defendant Simpatico provided everything from cleaning chemicals, commercial insurance, vacuum cleaners and other equipment, uniforms and anything else required by the "franchisee" to operate.

207.   Defendant Simpatico targeted minority and immigrant populations in the sale of their franchises.

208.   Prospective franchisees were offered several potential franchise plans they could purchase.  The amount of projected annual revenue promised to the franchisee depended on the amount of the initial franchise fee.  For example, an initial franchise fee of $3,000.00 would result in accounts with projected revenue of $6,000.00; an initial franchise fee of $10,000.00 would result in accounts with projected revenue of $24,000.00.  *(The various Franchise Plans are set forth in Exhibit "4" attached hereto).*

209.   Pursuant to the Franchise Agreements set forth in the attached Exhibits, Franchisor was given 180 days from the date Franchisee completed training to offer accounts to satisfy the projected revenue plan purchased.

210.   The Franchise Agreements further provide that Franchisor's obligations to provide accounts to Franchisee sufficient to satisfy the projected revenue is deemed fulfilled if the Franchisee rejects any customer accounts offered by Franchisor or if the Franchisee discontinues providing services in any such account.

211.   Defendant Simpatico would routinely offer Franchisees accounts which required traveling a long distance, accounts bid so low that the franchisee would be unable to generate a profit, and/or accounts which were great distances from other accounts the Franchisee was servicing.  By undertaking these actions, Defendant Simpatico was

assured that the Franchisee would either decline an account or quit the account after discovering that there was no profit for the Franchisee which, in turn, would relieve Defendant Simpatico of its obligations to provide a certain level of revenue as set forth in the Franchise Agreements.

212.     Once the Franchisee refused an account or quit an account, the Franchisee was at the mercy of the Franchisor to offer it additional accounts.  Franchisor considered it a "moral" issue instead of a "legal" issue because it had no further legal obligation to the Franchisee.

213.     Another tactic used by Defendant Simpatico was to inform a Franchisee that the Franchisor had received customer complaints or that the customer had requested a change of the individuals providing service to the accounts.   In many instances, the Franchisee would have been given good to excellent reviews by the customer, but suddenly they were removed from an account without notice and without the ability to discuss any complaints with the customer.

214.     All of the aforementioned tactics were used to allow Defendant Simpatico to engage in "churning."

215.     The term "churning" refers to a practice in which the Franchisor does the absolute minimum to comply with its obligations under the Franchise Agreement while forcing the Franchisee to take some action to excuse any non-performance by the Franchisor.  Once that occurs, Franchisor can remove an existing Franchisee from an account and place a new Franchisee in that account.  The same scheme is used with the new Franchisee and the cycle continues.  The scheme allows the Franchisor to sell as many franchises as it can even though there are not enough accounts to support the

new and/or existing Franchisees.  It is a basic pyramid scheme that continues because many of the Franchisees lack sophistication and basic language skills to take remedial action along with the complex legal action and expense required to pursue such legal action on an individual basis.

216.    The janitorial industry is very competitive.  The fierce competition results in prices being driven down in the market.  As a result, the Franchisor must slash its prices to obtain sufficient accounts for its Franchisees.  Unfortunately, the process results in Franchisor turning a profit by selling more and more Franchises while the Franchisees find that there is no way to survive.

217.    Presently, Simpatico has over 500 franchisees in the local area.

STRATUS BUILDING SERVICES GOES NATIONAL

218.     In 2006, SBS began offering master franchises and unit franchises for sale to members of the public across the United States.

219.     Dennis Jarrett served as an officer of Jan-Pro International from 2001-2004.

220.    According to documents of Defendants Simpatico and Stratus Franchising, LLC, JARRETT assisted FRESE in establishing Defendant Simpatico as an independent entity not associated with Jan-Pro.

221.    Upon information and belief, JARRETT, at the time he left his position with Jan-Pro, was subject to the terms of a non-competition agreement.  In addition, upon information and belief, Simpatico and FRESE were subject to a non-competition agreement with Jan-Pro.

222.    That upon information and belief, the non-competition agreement prevented Simpatico from selling any franchises beyond the territory previously granted to it by Jan-Pro for a period of 24 to 36 months.

223.    That on October 19, 2006, 30 months after Defendant Simpatico gained its independence from Jan-Pro, Stratus Franchising, LLC, filed its Articles of Organization with the Missouri Secretary of State.  FRESE was listed as the sole member at that time.  *(See Articles of Organization of Stratus Franchising, LLC, attached hereto as Exhibit "5").*

224.    The stated purpose of Stratus Franchising, LLC, was to operate as a franchisor of janitorial businesses.

225.    The Articles of Organization of Stratus Franchising, LLC, were amended on May 30, 2007, 37 months after Defendant Simpatico ended its affiliation with Jan-Pro. The Amendment added JARRETT as a member of the company.  *(See Amendment of Articles of Organization, attached hereto as Exhibit "6")*

226.    That the true purpose of Stratus Franchising, LLC, was to sell Master Franchises throughout the United States.  *(See 2011 Master Franchise Disclosure Document with all attachments, attached hereto as Exhibit "7")*

227.     Once again, Defendants utilized the same business model as Jan-Pro.

228.    The use of Master Franchises has several advantages for the Franchisor.  First, the Franchisor does not have to employ people in other areas of the country to monitor the Unit Franchisees.  Second, the Franchisor can charge a large franchise fee to the Master Franchisee.  In this system, the estimated cost for a Master Franchise ranged from a little over $100,000 to more than $1,000,000.00, based upon the

population of the proposed area.  Third, by using the Master Franchise system, Stratus could limit the requirements concerning disclosure of the failures of other franchisees in other parts of the country since the Franchise Disclosure Documents came from the Master Franchisee who only had a small region.

229.   The most important benefit for Stratus in utilizing Master Franchisees is that it offers a layer of insulation between the Unit Franchisees and Stratus.  In a system that is based on fraudulent activity, churning, and exploitation, the illusion of an independent entity between Stratus and the Unit Franchisee is intended to give Stratus all the benefits without any of the risks.

230.    However, a review of the Master Franchise Agreement reveals that, in reality, the Master Franchise is not independent of Stratus and that Stratus retains the right to assert total control over the actions of the Master Franchise.

231.   The following provisions are a sampling of the mechanisms of control and influence contained in the Master Franchise Agreements:

(a) Stratus maintains the right to bypass the Master and enforce any provision of the Franchise Agreement between the Master and the Unit Franchisee; and

(b) Stratus maintains the right to take over the customer accounts sold by the Master without notice to the Master and without compensation to the Master; and

(c) The independent Master has no ownership interests in the accounts it sells.  In the event that the Master Franchise is terminated, the customer accounts revert to Stratus without compensation to the Master; and

(d) All documents provided by the Master to the sub-franchisee, must be approved by Stratus.  In fact, Stratus provides the Unit Franchise Agreement to the Master to be used which is identical to the agreements used by Simpatico; and

(e) The Masters are required to do business under the name Stratus Building Solutions and their Unit Franchisees are required to represent themselves to the customers as Stratus Building Solutions; and

(f) Stratus requires that all Franchise Agreements between the Master and the sub-franchisee contain a provision that Stratus be identified as a third-party beneficiary of the contract.  Stratus inserts itself into the Agreement between the Master and the sub-franchise in order to alert all parties that it has ultimate control of the relationship.

232.    Stratus further requires the Master Franchisees to appoint Stratus as attorney-in-fact of the Master Franchisees.

233.    The ability to assert such control over the Master Franchisee is indicative of a system in which the Master Franchisee is nothing more than a sales force of the Franchisor, which voluntarily repeats the same system with its franchisees.

234.    Once the Master Franchisee is in the system, Master Franchisees continues the fraudulent, deceptive cycle and sell as many Unit Franchises as possible in order to have a financial gain.

235.    The emphasis of the Master Franchisee is the sale of new Unit Franchises and not the need to provide accounts for the new/existing franchisees.

236.    The ultimate result is that the Master Franchisees of Stratus, much like its

Franchisor, "churn" accounts in an attempt to financially gain at the cost of others.

237.    Since its inception, Stratus has aggressively marketed the Master Franchise

opportunities, with full knowledge of the experiences of Simpatico in the St. Louis

area.

238.     Many of the Master Franchisees had/have little to no experience in the janitorial

industry.

239.    In 2011, Entrepreneur magazine ranked Stratus as the fastest growing franchise in

the country.  *(See Stratus Press Releases, attached hereto as Exhibit "8").*

240.    In 2012, Entrepreneur magazine again ranked Stratus as the fastest growing

franchise and, in addition, ranked Stratus as the largest commercial cleaning

franchise. (*See Exhibit "9"*)

241.    In 2012, the St. Louis Business Journal, in its annual Book of Lists, named Stratus

Building Solutions as the fastest, growing company in St. Louis for the second

straight year.

242.    Stratus represents to the public that it has over 5,000 franchises.

243.    There is no mention in Entrepreneur that the 5,000 Unit Franchisees referenced in

the press releases are actually Unit Franchisees of the Master Franchisees.

244.    Stratus maintains several domain names on the internet.  These include

www.stratusbuildingsolutions.com and www.stratusclean.com.  All lead to the same

website.  That website contains testimonials from Unit Franchisees in several areas of

the country.  Those testimonials, intended to entice potential Franchisees, contain

absolutely no reference to the existence of a Master Franchisee.  *(See Exhibit "10")*

245.    The Stratus website contains information about Dennis Jarrett, the CEO, and Pete Frese, the President and COO.  In glowing terms, these men are referred to as the founders of the system that has received many accolades.  There is no mention of the existence of the Master Franchisees.  *(See Exhibit "11")*

246.    The Stratus website actually contains a page referred to as "Accolades."  While that page contains several references to rankings for Stratus, it makes no mention of the existence of the Master Franchisees.  *(See Exhibit "12")*

247.    Stratus holds itself out as the Franchisor and makes it appear that it is the entity responsible for all Unit Franchisees.

248.    The 2011 Master Franchise Disclosure Document of Stratus Franchising, indicated that there were 39 Master Franchises within the United States.

249.    Unit franchisees, such as Plaintiffs, are given Franchise Disclosure Documents ("FDD") from the Master Franchise in charge of the geographic region where the unit franchisee is located.  *(A copy of the FDD provided to Plaintiff Carmona is attached hereto as Exhibit "13")*

250.    The FDD of the Master Franchise is approved by Stratus and is almost identical to the FDD Defendant Simpatico provides to its Unit Franchisees.

251.    The FDD provided by the Master Franchise to the Unit Franchisee contains financial information of the Master Franchise, but also contains the financial information of Stratus Franchising, LLC.

252.     The FDD makes it clear that the Unit Franchisee is being given a license to use the marks and intellectual property of Stratus as a sub-licensee.

253.    Stratus purposely makes the system appear as if it is in total control so that

potential franchisees are misled into believing that they will be purchasing a franchise

that is part of a huge system of over 5,000 franchises.

254.    After the potential franchisee is in the system, they learn that if they have a

problem, it is the Master Franchisee who has apparent control.

255.    The franchisees are left with uncertainty and faced with having to take action

against a Master Franchisee.

256.    An example of the problems caused by the Stratus systems can be seen in the

State of California.  A group of 51 Unit Franchisees have filed suit against the Master

Franchisee.  The allegations are typical of the wrongful acts which permeate the

Stratus System, i.e. targeting minorities, failure to provide accounts sufficient to

generate the revenue promised in the Franchise Agreement, churning, etc.. *(See

Exhibit "14").*

257.    That an action has been initiated in the State of Indiana by Unit Franchisees

against Stratus Franchising, the Master Franchisee, and others alleging various acts of

fraud and breach of contract.  Said action seeks certification of a class of Unit

Franchisees in the State of Indiana.  *(See Exhibit "15").*

258.    That Stratus Franchising has initiated a declaratory judgment action in the Circuit

Court of the County of St. Louis, State of Missouri, against its Master Franchisee,

Stratus Building Solutions of Oregon, Inc.  *(See Exhibit "16").*

259.    That Stratus Franchising has initiated a declaratory judgment action in the Circuit

Court of the County of St. Louis, State of Missouri, against its Master Franchisee,

Raynal Enterprises, LLC. *(See Exhibit "17")*

260.    The scheme to defraud evidenced by Defendants relationships with Plaintiffs has been perpetrated by Simpatico and Stratus Franchising LLC against other franchisees for a substantial period of time and has become a regular practice in the way Defendants conduct business.

261.    Since its inception, Simpatico and Stratus Franchising LLC have published UFOC/FDDs that make false representations to prospective franchisees and fraudulently omit material information.  Their goal is to fraudulently induce prospective franchisees to invest in a Stratus Building Solutions franchise.

262.    Simpatico, Stratus Franchising, LLC transmitted by U.S. or interstate wires fraudulent UFOC/FDDs to numerous prospective and actual franchisees for the purpose of fraudulently inducing them to invest in a Stratus Building Solutions franchise.

## THE FTC RULE

263.    Promulgated on December 21, 1978, the FTC Rule is designed to require sellers of franchises like Stratus Franchising, LLC, to provide prospective investors with the information they need to make an informed investment decision.  The FTC Rule, found at 16 CFR Part 436,  permits franchisors to use a uniform disclosure format which has been adopted by every state known as the "Franchise Disclosure Document" ("FDD"), formerly known as the "Uniform Franchise Offering Circular" or "UFOC."  Each topic of disclosure in the FDD is referred to as an "Item" numbered 1 to 23.  Some of the most basic Items are the following:

264.    Item 1 requires, *inter alia*, disclosure of the prior business experience of the franchisor and any predecessors or affiliates.

265.   Item 2 requires that disclosure of the business experience of each individual of the franchisor with management responsibility for a 5 year period.

266.   Item 6 mandates detailed disclosure of all fees payable by the franchisee during the life of the franchise relationship including franchise royalties, advertising fees, and any payments the franchisor receives to construct, remodel, or equip the franchisee's business premises.

267.   Item 19 concerns "earnings claims" or representations of a franchisee's prospective financial performance.  While the FTC permits a franchisor to make earnings claims (though most reputable franchisors do not), the FTC Rule prohibits the making of earnings claims *except* as part of a detailed disclosure in Item 19. 16 C.F.R.  436.1.  Earnings claims in an advertising brochure, in a slide presentation, in a verbal sales presentation or on the back of any envelope, are prohibited.  Vol. 1 *Franchising Law Practice and Forms*, at 6-23.

268.   Item 20 requires the franchisor to fully disclose information concerning its current and former franchisees, including the number of franchisees whose ownership was transferred or whose franchise was canceled, terminated, or not renewed or have ceased doing business in the system.  A pattern of abandonment, sales, terminations and non-renewals indicates a sick franchise.

## The Timing of Federal Disclosure

269.   In addition to providing a format for disclosures, the FTC Rule specifies when a disclosure document must be given to the prospective franchisee.  Such timing requirements are intended to ensure that franchisees have a "cooling off" period in

which to evaluate the disclosure document before paying any monies to the franchisor and before executing agreements binding on the prospective franchisee.

270.    Under the Rule, the prospective franchisee must be provided a disclosure document upon the *earliest* to occur of any of the following three events:

    a.   The first face to face meeting with a franchisee;

    b.   10 business days prior to the execution of a franchise agreement; or

    c.   10 business days prior to payment by a prospective franchisee.

271.    Violations of the FTC Rule are considered unfair or deceptive acts within the meaning of Subpart F of the Federal Trade Commission Act, 16 CFR Section 436.9

## **FTC VIOLATIONS OF STRATUS FRANCHISING**

### **Item 1**

272.    Stratus Franchising, LLC, misrepresents and omits matters of material fact in Item 1 of its FDD.

273.    Stratus Franchising, LLC, creates an illusion that it and its predecessor first started offering franchises for sale in 2005.

274.    Stratus Franchising, LLC, failed to disclose that Simpatico, Inc., its wholly-owned Master Franchise located in St. Louis, Missouri, had, in fact, previously been a master franchise of Jan-Pro Franchising, LLC, a competitor in the market place.

275.    The aforesaid fraudulent misrepresentation made it appear that Stratus and its wholly-owned subsidiary had started from scratch when, in reality, it had sold franchises under the Jan-Pro umbrella and had simply transferred those existing franchise agreement to the new company.

### **Item 2**

276.   Stratus Franchising, LLC, violated the provisions in Item 2 of the FDD when it disclosed that JARRETT had previously served as president of Jan-Pro International from 2001 through 2004.

277.   A review of the Jan-Pro disclosure documents, publicly available through its registration with the State of California, reveals that JARRETT had never risen above the office of vice-president of master development.

278.   Said violation was undertaken for the sole purpose of misleading and defrauding potential Master Franchisees.

**Item 19**

279.   Stratus Franchising, LLC, violated Item 19 of the FTC rule in that its officers and agents made earnings and profitability claims to potential master franchisees.

280.   For example, Defendants JARRETT, FRESE, and BILL BLAIR, made numerous misrepresentations to Goldeneye Holdings, Inc., (Goldeneye), its Master Franchisee in Orange County, California, prior to and at the time the franchise agreement was signed concerning the expected profits.

281.   In such conversations, Defendant Stratus Franchising, LLC, and its representatives consistently stated that the projected new business generation for each of its salespersons would be $15,588 a month.

282.   After signing the Master Franchise Agreement, Goldeneye received financial information that directly contradicted the aforementioned financial projections.

283.   Specifically, on Monday January 5, 2009 at approximately 9:15 a.m., in the training conference room of SBS located in St. Louis, Missouri, Goldeneye was presented with a sales manual that indicated anticipated new monthly billings would

be $9,100.

284.     Such financial performance claims were made to each of the Master Franchises

for the sole purpose of inducing them to enter Master Franchise Agreements.

**Item 20**

285.     Stratus Franchising, LLC, violated the FTC rule with regard to Item 20 of the

FDD in that it failed to disclose that certain franchise locations contained in the FDD

were closed or had never opened.  In addition, Item 20 failed to disclose the existence

of certain previous Master Franchisees such as a master in Minnesota and Northern

New Jersey.

286.     These misrepresentations were made to every potential Master Franchisee at the

time the FDD was forwarded through the mail or by wire.

287.     The aforesaid misrepresentations were made for the sole purpose of preventing

potential franchisees from contacting dissatisfied former franchisees.

**Public Dissemination of Fraudulent Information**

288.     *Entrepreneur* magazine is a monthly publication with a circulation in excess of

600,000.

289.     Each year, *Entrpreneur* publishes a list known as the Franchise 500®, the

preeminent list within the franchise arena.

290.     According to *Entrepreneur*, each year it invites franchisors such as Stratus

Franchising, LLC, to submit their FDD's to the publication.

291.     *Entrepreneur* then uses a proprietary formula to rank franchises in various

categories.

292.     SBS appeared on the list from 2009 through 2012.  The actual rankings are as

follows:

    a.  <u>Franchise 500®</u>: #12(2012); #20(2011); #13 (2010); and #38(2009)

    b.  <u>Fastest-Growing</u>:  #1(2012); #1(2011); #3(2010); #4(2009)

    c.  <u>Low-Cost</u>:  #2(2012); #5(2011);#5(2010);#7(2009)

    d.  <u>Top New:</u>  #1(2010); #3(2009)

    e.  <u>Top Home-Based</u>:  #2(2012); #6(2011); #4(2010); #6(2009)

    f.  <u>America's Top Global</u>:  #11(2012); #18(2011); #11 (2010); #33 (2009)

293.    Franchisors such as Stratus Franchising, LLC, who appear in the *Entrepreneur* list utilize such information in marketing their franchises to potential franchisees.

294.    Potential franchisees such as Plaintiffs utilize the *Entrepreneur* list as part of their due diligence.

295.    For example, in response to a request by the administrator of Unhappyfranchisee.com, Stratus Unit Franchisee Zurab Kvantrishvili, in a comment posted on June 7, 2012, at 9:39 p.m., stated "[B]efore I bought the franchise I researched information everywhere, and one of the reason we paid $17,000 for it was that *Entrepreneur* ranking.  If Stratus didn't have such a high ranking I would never trusted them with all my life savings.  When I spoke to John Coleman (one of the master Franchisor in Philadelphia Stratus Building Solution) and asked him to return my money back or I would take him to court, he laughed at my face and this is his exact words, 'Please, who's going to believe you?  We are ranked as #1 cleaning franchise by *Entrepreneur* nationwide.  You will waste more money on the lawyer.'  I really want to believe that *Entrepreneur* will take Stratus Building Solutions out of their ranking.  Please don't let them scam more hard working people!"

296.    Stratus Franchising, LLC, provided information that indicated it was founded in 2004, had 5,148 locations, and an investment range of $3,450.00 - $57,750.00, all of which was false.

297.    As previously stated, the Stratus Franchising, LLC affiliate began franchising on behalf of Jan-Pro International much earlier than 2004.

298.    On April 2, 2012, just a few months after the 2012 *Entrepreneur* Franchise 500® list was FRESE, President of Stratus Franchising, LLC, submitted an affidavit in the United States District Court for the Eastern District of Missouri in which he claimed that there "were at least 3,000 franchise agreements" and that "each of these franchise agreements range from $2,700 to $37,600."

299.    The information submitted by Stratus Franchising, LLC, is further misleading in that it makes it appear that it has over 5,000 direct franchisees including a company-owned franchisee, when, in fact, it has less than 40 Master Franchisees.

300.    That Stratus Franchising, LLC, intentionally provided false and misleading information in order to appear on the Franchise 500® in order to increase the sale of Unit Franchises and, thereby, increasing its ill-gotten gains.

**Perpetuation of the Fraudulent System by the Master Franchisees**

301.    Each of the Master Franchisees entered into franchise agreements with Unit Franchisees.

302.    Each of the Unit Franchise Agreements contained identical language as to Initial Customer Accounts and "Guarantee."

303.    Pursuant to each of the Unit Franchise Agreements, the Master Franchisee guaranteed a certain level of business to the Unit Franchisee depending on the

franchise level purchased.

304. The Master Franchisees knew that there was insufficient business within their market areas to sustain the Unit Franchisees who came into the system.

305. The Master Franchisees' survival depended on the sale of new unit franchises and not on the ongoing service fees from the cleaning services provided by the Unit Franchisees.

306. In order to sustain their level of growth, each and every Master Franchisee was required to develop a system, with the express knowledge of Defendants Stratus Franchising LLC, FRESE and JARRETT, that depended on the "churning" of accounts.

307. That each of the Master Franchisees continued, through the use of the mail and wires, to fraudulently misrepresent the true nature of the "guarantee."

308. That each of the Master Franchisees knew that they had no intention of providing the accounts guaranteed in the Unit Franchise Agreements and/or sustaining the Unit Franchise Agreements.

309. Either the Unit Franchisee would never be given adequate cleaning accounts which satisfied the franchise level purchased or, in the rare alternative that sufficient accounts were given to a Unit Franchisee, the Master Franchisees would immediately start removing the Unit Franchisee accounts as soon as that level was achieved.

310. The sole purpose of such conduct was to perpetuate the fraudulent Stratus Franchise system.

311. The experiences of the Plaintiffs, as set forth below, clearly reveals that this fraud was engaged in by the Master Franchisees nationwide.

312.    As a result, Plaintiffs and the Class Members were fraudulently induced into investing an aggregate amount in the millions of dollars which allowed the Stratus system to survive.

### JOSE TORRES' STORY

313.    Plaintiff Torres discovered Stratus Building Solutions through a Spanish newspaper advertisement in _Red Latina_. *(See Exhibit "18")*

314.    Although the advertisement was in Spanish, the franchise agreement was only offered in English.

315.    In the summer of 2009, Plaintiff Torres decided to purchase a Stratus franchise at the level which would generate revenue of $6,000 per year or $500 per month, known as SBS-6 franchise plan, after speaking with Peter Frese, Jr. and Bob Stapleton. He paid $1,800 in cash at the time of signing his franchise agreement in order to purchase level SBS-6.

316.    Plaintiff Torres received his first account 2 weeks after completing the required training, however, the account paid less than was promised.

317.    Plaintiff Torres received more accounts, but many paid much less than the promised amount, required more hours to work than was stipulated in the account contract, and/or were too far from his residence to be practical and profitable.

318.    Plaintiff Jose Torres was charged for new chemicals and uniforms without his permission. He received a letter stating that Stratus estimated he would need more chemicals and uniforms, although they had no firsthand knowledge of the fact, and charged him for the "needed" chemicals and uniforms. *(See Exhibit "19")*

319.    In addition, Plaintiff Torres was charged customer complaint fees with no proof of these complaints along with customer credits without proper documentation. *(See Exhibit "20")*

320.    Plaintiff Torres had several accounts taken away from him due to client complaints.  Plaintiff Torres never received any proof of these complaints.

321.    In 2010, Plaintiff Torres stopped receiving any accounts and was not given any reason for this.

322.    In addition, Plaintiff Torres never received payment for the last month he worked before he ceased to receive new accounts.

323.    Plaintiff Torres has lost significant money due to the fraudulent actions of Stratus.

<u>GUADALUPE CLEMENTE'S STORY</u>

324.    Plaintiff Guadalupe Clemente discovered Stratus Building Solutions in a magazine called <u>*Segundo Mano*</u>.  There were advertisements in Spanish concerning the purchase of a Stratus Building Solutions franchise.  *(See Exhibit "21").*

325.    Plaintiff. Clemente also heard Stratus Building Solutions advertisements on radio station 105.9 in Phoenix, Arizona.

326.    Since Guadalupe Clemente speaks little English, Stratus provided a salesperson, Lupita Gallego, who spoke Spanish.  However, Plaintiff Clemente, was not provided any franchise agreement or otherwise pertinent information in Spanish.

327.    Plaintiff Clemente asked how long it would take to generate the revenue promised to her and was told it would occur immediately after she completed her training.

328.    Ultimately, Plaintiff Clemente decided to purchase a Stratus franchise at the level which would generate revenue of $36,000.00 per year or $3,000.00 per month, known as Franchise Plan SBS-36.

329.    Plaintiff Clemente paid $5000.00 for the down payment of her franchise, $700.00 in required cleaning supplies, and executed a $9,000.00 promissory note for the remainder of the purchase of her franchise.  In order to pay for her franchise, Ms. Clemente had to sell her car. *(See Exhibit "22")*

330.    She delivered a check for her franchise fee on April 4, 2011, signed her Franchise Agreement with PHSCCH SBS, LLC, doing business as Stratus Building Solutions of Metro Phoenix, the Master Franchisee, and completed her training. *(See Exhibit "23")*

331.    Based on the representations made to her, she expected to be offered accounts by mid-April of 2011.

332.    She was offered her first account on April 28, 2011.  However, the account was too far away and would not have given her the profit she needed to make it feasible to accept the account.

333.    When she refused the account, Stratus had her execute a form entitled "Non Acceptance of Account."  *(See Exhibit "24")*

334.    Plaintiff was not offered another account until September of 2011.

335.    Prior to visiting the account, Plaintiff Clemente contacted a woman named "Martha" who had gone through training with her.

336.    "Martha" informed Plaintiff that she had only been given three accounts and that she just had one of the accounts taken away.

337.    Further discussion revealed that the account being offered to Plaintiff Clemente was the account that had been recently taken away from Martha.

338.    Plaintiff Clemente visited the account but felt bad that it was the account taken away from Martha.

339.    Plaintiff was not willing to participate in the "churning" of accounts.

340.    Plaintiff informed Stratus that she did not want any part of the system and asked for her money back.

341.    Instead of getting a refund, Plaintiff received a letter informing her that her rejection of the account in April fulfilled Stratus' obligations under the contract.  *(See Exhibit "25")*

342.    The letter further admitted that since Stratus only offered her accounts with total monthly revenue of $1,500.00 within the time prescribed in the Franchise Agreement, she would be entitled to a refund of the difference in the value of the franchise plans. However, since Stratus alleged she did not make full payment for the purchase of her franchise, they gave her no refund.

343.    Plaintiff has had to borrow money to purchase a vehicle and she has never been given sufficient accounts to be profitable.

344.    Plaintiff lost all of her savings as a result of the fraudulent actions of Stratus.

<u>LUZ WALKER'S STORY</u>

345.    Plaintiff Luz Walker discovered Stratus Building Solutions in a Spanish magazine *<u>K</u>*.

346.    Plaintiff Walker purchased a cleaning franchise from Stratus Building Solutions in April of 2011 after speaking with Jason Dowling, Gonzalo Moreno and Channen Smith.

347.    Ms. Walker invested in Stratus' SBS-36 Franchise Plan for a full cash payment of $11,900.00 plus $700 for mandatory cleaning supplies in order to receive $3,000 a month or $36,000 a year in cleaning contracts.  *(See Exhibit "26")*

348.    In May of 2011, Ms. Walker received her first account, which she did not sign to accept.  The cleaning account, Pulmonary Associates, was to pay out $1,150 a month. However, Plaintiff Walker was only there for 5 days before she was informed that the client had complained she was not doing a good job.

349.    After being informed she was not doing a good job, Ms. Walker went to the client to get more information as to what she could do better.

350.    The client, Tammy Katzenmeyer the manager of Pumonary Associates, then informed Ms. Walker that she made no such complaint and that she was satisfied with her cleaning.

351.    Ms. Katzenmeyer then proceeded to ask Ms. Walker how many hours she was working in the building.   Ms. Walker told her that Stratus calculated her building at 3 hours to clean with one person.  Ms. Katzenmeyer was very surprised by this and stated that not even superwoman could clean a building that big in 3 hours.

352.    Ms. Walker then informed Ms. Katzenmeyer that she had to put in extra hours in order to clean the building well.

353.    Ms. Katzenmeyer contacted Stratus and Ms. Walker was called into the Stratus office.

354.    Upon arriving at the Stratus office, she was informed that the client requested her to be removed from the cleaning account, that she was to turn in her keys immediately, and could not contact the client any further.

355.    Ms. Walker further heard Mr. Gonzalo Moreno call Channen Smith, the owner of the Stratus master franchise, who was laughing about what happened.

356.    Ms. Walker then went to Mr. Jason Dowling and asked him what was going on and where the proof was that she had been requested to be removed from the cleaning account.

357.    Mr. Dowling's reaction was pounding on his desk, yelling at Ms. Walker and calling her names.  Ms. Walker was frightened, confused, and hurt by his actions and left.

358.    Later that day, Ms. Walker was to go remove her cleaning equipment from the cleaning account.  Upon her arrival, she noticed Mr. Moreno was there to supervise her removal of her items.

359.    As she was removing her cleaning equipment, the Pulmonary Associates' supervisor approached Ms. Walker and told her what a wonderful job she had done.

360.    Stratus gave Ms. Walker another account, which she never signed for, in July of 2011.

361.    This account was also a bad experience for Ms. Walker because it paid her far too little for the amount of work she had to do and Stratus would not pay her on a regular basis.

362.    Ms. Walker eventually was left with no options but to leave a note for the cleaning account that she was not going to return to clean the account until she was paid by Stratus.

363.    Ms. Walker asked Stratus to return her investment money as they never gave her the amount she was promised monthly.

364.    In a letter from Stratus in December of 2011, Stratus admits that they did not meet their obligations to Ms. Walker and agreed to partially return some of her investment. *(See Exhibit "27")*

365.    Ms. Walker officially demanded, through counsel, that Stratus return all of her investment money in a letter dated August 7, 2012. *(See Exhibit "28")*

366.    Stratus' response to that letter was that they did meet all of their obligations and that she is not entitled to any refund, which is contrary to their own letter in December of 2011.

367.    Ms. Walker has lost significant money due to the fraudulent actions of Stratus.

<u>THE STORY OF CHRISTINA BEITER</u>

368.    Plaintiff Christina Beiter purchased a Stratus Building Solutions franchise on January 29, 2010 for the amount of $5,550, which would generate revenue of $14,100 per year and $1,175 per month.  *(See Exhibit "29")*

369.    Plaintiff paid $1,000 in cash at the time of signing and executed a promissory note for the amount of $4,500, which was to be paid in 24 installments of $218.19.  *(See Exhibit "30")*

370.   Before signing, Ms. Beiter was told she would be provided in depth training in order to help her start her franchise. However, Plaintiff Beiter was simply shown a few videos on January 30th 2010 and told her training was complete.

371.   Plaintiff was pressured into signing the franchise agreement quickly, as Stratus had an account that was set to begin on February 2nd, 2010. Plaintiff was told that if she did not sign the agreement and take the account right away, Stratus could not be sure when they would receive the next account offer.

372.   Ms. Beiter was often offered accounts that had been taken from other franchisees. She did not wish to participate in the churning of accounts, so she turned these offers down.

373.    Plaintiff was forced to take several accounts that paid much less than the previously promised income.

374.   Plaintiff was also given accounts that were too far from her residence to be practical and profitable. Two accounts in particular were 25 miles away from her home.

375.   Ms. Beiter was repeatedly pressured into taking accounts without being given time to review them. Stratus employees would offer accounts that were starting within a few days and inform her that if she did not take the account, they would immediately offer it to another person. *(See Exhibit "31")*

376.    Ms. Beiter had an account cancelled due to a complaint she filed due to health and safety concerns. The dental office repeatedly left needles on the floor or threw them into regular trash bags, as opposed to the biohazard specific trash bins. Stratus did nothing to protect her from the hazardous conditions. *(See Exhibit "32")*

377.   When an account was taken from Ms. Beiter, she was not allowed to return to the site to retrieve all of her cleaning supplies. After several requests, some of the supplies were picked up and delivered to her, but many were missing and/or damaged. *(See Exhibit "33")*

378.   Plaintiff received a mass email stating that from that date forward" specialty work" would not be on the same payment schedule as recurring revenue. The email stated, "If I don't receive the payment [from the client] by the time the checks are due - your payment will be delayed until after our payments are received." *(See Exhibit "34")*

379.    Plaintiff was charged a $10 monthly fee for the use of a "CleanTelligent" system. This system was introduced in January 2011. The notice states "You will be charged for only the months since you were made active on the system. Note: being 'Active' means that you received the invitation email, whether you replied to it and performed your login or not." *(See Exhibit "35")*

380.   Plaintiff's franchise was terminated after she did not make one cleaning account due to her daughter's illness.

381.   Plaintiff was then charged Cancellation Fees on her final paycheck.  These customer complaints or cancellations fees were not verified.  For example, the Davidson Road Optical account, Ms. Beiter was able to verify that the client never filed a complaint.

382.   Ms. Beiter has lost significant money due to the fraudulent actions of Stratus.

<u>THE STORY OF ANTONIO CARMONA</u>

383.     Plaintiff Antonio Carmona heard about Stratus through a newspaper ad and purchased a franchise on February 20th, 2012 for $10,800. The level purchased was to generate a revenue of $36,000 a year and $3,000 a month, known as Franchise Plan SBS-36. *(See Exhibit "36")*

384.     Plaintiff Carmona speaks very little English. He communicated in Spanish with a Stratus employee, Eleazar Quintana, but the franchise agreement was only offered in English.

385.     Before signing the franchise agreement, Mr. Carmona met with Regional Director, Eleazar Quintana. Mr. Quintana outlined how with only 17 accounts of $175 per month each Mr. Carmona could gross $2,200 monthly. After signing the contract, Mr. Carmona found that this was not true. *(See Exhibit "37")*

386.     Plaintiff was repeatedly offered accounts that averaged an amount as little as $8 per hour and/or were too far from his residence to be practical or profitable. Two accounts in particular were more than a 30 minute drive from his home.

387.     Mr. Carmona was repeatedly offered accounts that paid too little for him to turn a profit. For example, Mr. Carmona was given an account that only paid him approximately $26.87 per cleaning visit which was to include 1.5 hours of cleaning, 1 hour of driving, and all the supplies necessary to clean the account, resulting in no income to Mr. Carmona. *(See Exhibit "38")*

388.     He was told if he did not take these accounts he would lose his investment.

389.     In an attempt to recover some of his losses, Mr. Carmona came to an agreement with Mark Bashforth that Mr. Bashforth would sell off 66% of Mr. Carmona's franchise. This would take Mr. Carmona from a $3,000 guaranteed monthly income

which he was not receiving to a $1,000 guaranteed monthly income. Mr. Carmona submitted the signed agreement in August of 2012 and never received any response or news from Mr. Bashforth. *(See Exhibit "39")*

390.    Plaintiff Carmona has lost significant money due to the fraudulent actions of Stratus.

<u>FRAUDULENT MISREPRESENTATIONS TO FRANCHISEES</u>

391.    SBS solicits new franchisees to enter into unconscionable and burdensome franchise agreements.  It engages in a policy whereby it accepts substantial payments from potential franchisees, in exchange for the right to operate a cleaning/janitorial franchise that SBS knows, or should reasonable know, will in all likelihood fail.

392.    SBS flaunts itself as one of the fastest growing janitorial franchises in the United States.   A continued rapid increase in the number of SBS franchises sold is an important element in SBS's strategy of continuing to experience substantial growth in revenues.

393.    At the same time, SBS was inducing Plaintiffs and other to invest in its franchise system, it concealed the fact that the company was unable to support that system.

394.    SBS's misleading and deceptive franchise agreements purport, among many other things, to give SBS unilateral control over all significant aspects of franchisee operations and to disclaim any responsibility for the effect of SBS's decisions and actions on the franchises' viability.

395.    The terms of the agreements, Operations Manual, and FDDs' are in combination so burdensome of franchisees and so one-sided in favor of SBS that they can only be regarded as unconscionable and unenforceable.  The net effect on SBS franchisees of

its approach to franchising is to ensure unconscionably overboard contracts that

purport to circumvent meaningful legal rights belonging to the franchisee,

impenetrable systematic barriers to economic success for the franchisee, and negative

incentives to pursue legal remedies to redress injuries caused by SBS's conduct.

## POLICY OF EXTRACTING UNLAWFUL AND FRAUDULENT PROFITS FROM ITS FRANCHISEES

396.    Once the franchisees are ensnared in SBS's scheme, SBS defrauds them through

the churning cycle, erroneous and excessive fees, and failure to comply with the

Master Franchisees' obligations under the Unit Franchise Agreements.

397.    SBS creates an environment where franchisees and their invested capital are

preyed upon as the most important, immediate and dependable source of revenue and

cash flow for the franchisor, with little concern demonstrated by the franchisor

regarding the franchisees' positive cash flow.

398.    Moreover, once the franchisees become aware of this fraudulent scheme, the sunk

costs and onerous contractual provisions make it economically prohibitive to escape

the SBS franchise agreement, thus finding themselves robbed blind and in a long-

term indentured servitude.

## CLASS ACTION ALLEGATIONS

399.    This action may also properly be maintained as a class action pursuant to Federal

Rules of Civil Procedure 23(a) and (b).

400.    Plaintiffs bring this action on behalf of themselves and all similarly situated others

defined as:

*All Stratus Building Solutions unit franchisees, who are or have been a franchisee under Simpatico, Stratus Building Solutions, its predecessors, its Master Franchisees, and their predecessors, at any time from April 1, 2004 to present (the "Class"). The "Class Period" is from April 1, 2004 to the present.  Excluded from the Class are Defendants, as well as Defendants' employees, affiliates, officers, and directors and the Judge to whom this case is ultimately assigned.*

401.   Plaintiffs reserve the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

<u>Rule 23(a)</u>

402.   Numerosity and Impracticality of Joinder: The members of the Class are so numerous that their individual joinder would be impractical. According to the Affidavit of Pete Frese, President and COO of defendant Stratus Franchising, LLC, there are at least 3,000 franchise agreements with Unit Franchisees. (*See Exhibit "40").*  The precise identities, number and address of members of the Class are unknown to Plaintiffs, but may and should be known with proper and full discovery of Defendants, third parties, and their respective records.

403.   <u>Commonality and Predominance</u>: There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class. These common legal and factual questions, which exist without regard to the individual circumstances of any Class member, include, but are not limited to, the following:

a.   Whether and to what extent Defendants' practices, conducts, and misrepresentations violate Federal law;

b.  Whether Defendants have engaged in mail and wire fraud;

c.  Whether it was reasonably foreseeable that misrepresentations by SBS would be sent over interstate wires;

d.  Whether there were any misrepresentations by SBS sent across interstate wires for purposes of executing schemes to defraud;

e.  Whether SBS intentionally participate in schemes to defraud and use interstate wires in furtherance of the scheme in violation of 18 U.S.C. § 1343;

f.  Whether Defendants engaged in a pattern of racketeering activity;

g.  Whether the SBS franchise system is an enterprise within the meaning of 18 U.S.C. §1961(4);

h.  Whether Defendants conducted or participated in the affairs of the enterprise through a pattern of racketeering activity in violation of U.S.C. § 1962(c);

i.  Whether Defendants' overt and/or predicate acts in furtherance of the conspiracy and/or direct acts in violation of 18 U.S.C. §1962(a) and (c) proximately caused injury to the Plaintiffs' and class members' business, economic, and property;

j.  Whether any misrepresentations or omissions by SBS reasonably calculated to deceive persons of ordinary prudence;

k.  Whether Defendants' affirmative statements and material omissions constitute intentional fraud;

l.  Whether SBS's UFOC contained fraudulent misrepresentations and omissions;

m.  Whether SBS breached the terms of the agreement contained in the UFOCs;

n.  Whether Plaintiffs sustained injury as a result of SBS's breaches of the franchise agreement and/or the implied covenant of good faith and fair dealing;

o.  Whether Plaintiffs and Class Members are entitled to recover compensatory, exemplary, treble damages based on Defendants' fraudulent and illegal conduct and/or practices; and

p.  Whether Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees, prejudgment interest, and costs of suit.

The questions or law and fact common to all Class members predominate over any questions that may affect only individual Class members. A class action is a superior method of adjudicating the Class members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

404.  <u>Typicality</u>: The Plaintiffs' claims are typical of the Class in that Plaintiffs have a common origin and share common bases.  Plaintiffs and all putative Class members are or were franchisees operating under the Stratus Building Solutions system and have lost monies by reason of the system-wide scheme by SBS to defraud and make misrepresentations to potential franchisees of the Stratus Building Solutions system. Their claims originate from the same illegal, fraudulent and confiscatory practices of the Defendants, and the Defendants act in the same way toward the Plaintiffs and the Class members.  If brought and prosecuted individually, the claims of each Class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.  Plaintiffs have no interests that are antagonistic or adverse to the other Class members.

405.  <u>Adequacy</u>: Plaintiffs will fully and adequately protect the interests of the members of the Class and have retained competent class counsel who are experienced and qualified in prosecuting class actions and other forms of complex litigation and

intend to prosecute this action vigorously. Neither the Plaintiffs nor their counsel have interests which are contrary to, or conflicting with, those interests of the Class.

406.  <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*: it is economically impracticable for members of the Class to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation since the Master Franchise Agreement provides that Missouri law will apply; and, a class action will enable claims to be handled in an orderly, expeditious manner.

407.  Plaintiffs seek certification of a class, alternatively, under Fed. R. Civ. P.23(b)(2) or 23(b)(3), or a combination thereof.

408.  This lawsuit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute..  The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices.  Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicated or concurrent litigation occurs arising from these disputes.  Even if individual class member could afford or justify the prosecution of their separate claims, such an approach would compound the judicial inefficiencies, and could lead to incongruous judgments against Defendants.

<u>Statute of Limitations Estoppel</u>

409.    Throughout the implementation of their fraud and continuing until the present day, Defendants have engaged in affirmative conduct and made representations, including those described herein, with the intent and effect of preventing Plaintiffs and the Class from becoming aware of their rights or otherwise dissuading them from pursuing legal action to vindicate those rights.

410.    Defendants have also actively concealed information necessary for Plaintiffs and the Class to discovery the existence of their cause of action.  Plaintiffs and Class Members relied on the Defendants' actions and/or omissions in failing to discovery the factual and legal basis of their claims.

411.    As a result of Defendants' self-concealing fraud, affirmative misconduct, misrepresentations and omissions, Plaintiffs and the Class did not know, and could not know in the exercise of reasonable diligence, the basis of their claims. Accordingly, Defendants are stopped from raising affirmatively defenses relying upon any statutes of limitations or contractual limitation periods otherwise applicable to the claims asserted herein by Plaintiffs.

## <u>COUNT I</u>

### Racketeer  Influenced and Corrupt Organizations Act (RICO)

### Violation of 18 U.S.C. §1962(c)

Come now Plaintiffs, individually and on behalf of all others similarly situated, and for their cause of action against Defendants state as follows:

412.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein, each and every allegation contained in paragraphs 1- 411 of this Complaint.

413.    The Stratus system, including each and every current and former Master

Franchisee, constitute an association-in-fact enterprise under 18 U.S.C. §1961(4) in that: (a)  there is a common and/or shared purpose among the members; (b) there is continuity of structure and personnel; and (c) there is an ascertainable structure distinct from that inherent in the pattern of racketeering.

414.    The enterprise is separate and distinct from the individual defendants that participated in the enterprise and direct its affairs.

415.    The structure of the enterprise is imposed by the Master Franchise Agreements and the Unit Franchise Agreements.

416.    There are numerous aspects of the operation of this enterprise that do not involve conduct that is intrinsically criminal or illegal including, but not limited to, the sale of cleaning services to third-parties, the hiring of employees, and many other day-to-day activities.

417.    The enterprise affects interstate commerce in a variety of ways including the use of interstate communications in the sale of franchises and cleaning services.

418.    The Defendants conduct the affairs of the enterprise, as opposed to merely their own affairs by, among other things, invoking provisions of the franchise agreements to require Plaintiffs to take certain actions or refrain from taking certain actions and, in general, asserting control of the activities of franchisees in a hierarchical manner.

419.    Defendant Stratus Franchising, LLC, and each of the Master Franchisees, and each and every individual defendant, participated in the conduct of the enterprise through inducing the purchase of franchises by plaintiffs and all members of the class, by knowingly disseminating false and fraudulent information contained within the franchise disclosure documents, the franchise agreements and other publicly available

resources.

420.    Defendants are engaged in an ongoing pattern of racketeering activity as defined by 18 U.S.C. §1961(5).

421.    The pattern of racketeering activity of Defendants consists of more than two acts of racketeering activity, the most recent of which occurred within ten years after the commission of the prior act of racketeering activity.

422.    Defendants have violated and continue to violate 18 U.S.C. §1341 in that defendants: (a) devised a plan to scheme or defraud the Unit Franchisees; (b) intended to defraud Unit Franchisees, (c) should have reasonably foreseen that the mail would be used; and (4) used the U.S. Postal Service or equivalent private carrier to further the scheme.

423.    Defendants have violated and continue to violate 18 U.S.C. §1343 in that defendants: (a) devised a plan to scheme or defraud the Unit Franchisees; (b) intended to defraud Unit Franchisees, (c) should have reasonably foreseen that wires would be used; and (4) used wires to further the scheme.

424.    Each violation of 18 U.S.C §1341 and §1343 constitutes an act of racketeering.

425.    The acts of racketeering activity of all Defendants have the same or similar methods.

426.    The acts of racketeering activity committed by all Defendants have the same or similar objective: namely to sell as many Unit Franchises as possible to increase the profits of the Defendants.

427.    The acts of racketeering activity committed by all Defendants have the same victims, including Plaintiffs and all other Class Members.

428.    The acts of racketeering activity involving all Defendants involve a distinct threat of long-term racketeering activity.

429.    The practice of Defendants in knowingly and intentionally misrepresenting the true nature of Stratus system has continued for at least six years, is ongoing, and will continue into the future unless halted by judicial intervention.

430.    Defendants' intentional misrepresentation of the true nature of the Stratus system is part of the enterprise's regular way of conducting business.

431.    Defendants' pattern of racketeering activity has caused Plaintiffs and all other Members of the Class to invest into a system much different than the system represented to them by Defendants.

432.    Plaintiffs and all other Class Members have suffered an injury to their business and/or property in that Plaintiffs/Class Members were fraudulently induced into entering Unit Franchise Agreement as a result of Defendants racketeering activity.

433.    The unlawful conduct of all Defendants has allowed defendants to earn and/or retain significant funds to which they are not entitled.

WHEREFORE, for the foregoing reasons, Plaintiffs, individually and on behalf of all others similarly situated, pray this Court enter judgment in their favor in Count I of their Complaint, treble damages, an award of attorneys' fees, their costs herein expended, and for such other relief the court deems just and proper.  Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

## COUNT II

### Racketeer Influenced and Corrupt Organizations Act (RICO)

### Violation of 18 U.S.C. §1962(d)

Come now Plaintiffs, individually and on behalf of all others similarly situated, and for their cause of action against Defendants state as follows:

434.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein, each and every allegation contained in paragraphs 1- 433 of this Complaint.

435.    As set forth in Count I, Defendants agreed and conspired to violate 18 U.S.C. §1962(d).  Specifically, Defendants engaged in a willful pattern and practice of misrepresenting the Stratus system in order to fraudulently induce Plaintiffs and Members of the Class into entering Unit Franchise Agreements.

436.    The Defendants have intentionally conspired to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

437.    Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes aforementioned schemes in violation of 18 U.S.C. §1962(d).

438.    As a direct and proximate result of the Defendants conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. §1962(d), Plaintiffs and Members of the Class have been injured in their business and property in that Plaintiffs were fraudulently induced into entering Unit Franchise Agreement as a result of Defendants racketeering activity.

WHEREFORE, for the foregoing reasons, Plaintiffs, individually and on behalf of all others similarly situated, pray this Court enter judgment in their favor in Count II of their Complaint, treble damages, an award of attorneys' fees, their costs herein expended, and for such other relief the court deems just and proper.  Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Respectfully submitted,

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By

Jonathan E. Fortman #40319MO
Attorney for Plaintiffs/Putative Class Members
10 Strecker Road, Suite 1150
Ellisville, MO  63011
(314) 522-2312
(314) 524-1519 Fax
jef@fortmanlaw.com