UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE TORRES, GUADALUPE CLEMENTE, | ) | |
| LUZ WALKER, CHRISTINA BEITER, and | ) | |
| ANTONIO CARMONA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No.:   4:12-cv-02373 CDP |
| | ) | |
| SIMPATICO, INC., | ) | |
| STRATUS FRANCHISING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS'[1] JOINT MOTION TO COMPEL ARBITRATION

The Stratus Defendants, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2, *et seq.*, respectfully move the Court to compel individual arbitration of the claims of Plaintiffs Jose Torres, Guadalupe Clemente, Luz Walker, Christina Beiter and Antonio Carmona (collectively "Plaintiffs").  In support of their motion, the Stratus Defendants rely on the accompanying memorandum of law and state:

1.      On December 21, 2012, Plaintiffs filed suit against Simpatico, Inc. and Stratus Franchising, LLC, the franchisor of Stratus Building Solutions, its Chief Executive Officer Dennis Jarrett and President and Chief Operating Officer Pete Frese, and its current and various former Master Franchisees (collectively "Defendants") for civil violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2.      The parties are bound by a broad arbitration agreement which encompasses the claims and parties at issue and mandates that each arbitration will be conducted on an individual, not a class-wide, basis.  The arbitration agreement provides in pertinent part:

---

[1] This Joint Motion to Compel Arbitration is filed on behalf of those defendants listed in the Motion for Leave to Amend Entry of Appearance filed concurrently herewith.

B.   <u>Arbitration</u>

i.      The parties hereto agree that, except for controversies, disputes, or claims related to or based on improper use of the Marks or in connection with Sections V D or XVII, all controversies, disputes, or claims between us and our affiliates, and our and their respective members, officers, managers, agents, and/or employees, and you (and/or your owners, managers, guarantors, affiliates, and/or employees) arising out of or related to:

> 1.   this Agreement or any other agreement between you and us;
>
> 2.   our relationship with you;
>
> 3.   the validity of this Agreement or any other agreement between you and us; or
>
> 4.   any Stratus System Standard;

must be submitted for binding arbitration, on demand of either party, to the American Arbitration Association. The arbitration proceedings will be conducted by one arbitrator and, except as this Subsection otherwise provides, according to the then current commercial arbitration rules of the American Arbitration Association. All proceedings will be conducted at a suitable location chosen by the arbitrator in or nearest the city where our principal business address is then located. All matters relating to arbitration will be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.). Judgment upon the arbitrator's award may be entered in any court of competent jurisdiction.

***

iv.      We and you agree that arbitration will be conducted on an individual, not a class-wide, basis and that an arbitration proceeding between us and our affiliates, and our and their respective members, officers, managers, agents, and/or employees, and you (and/or your owners, managers, guarantors, affiliates, and/or employees) may not be consolidated with any other arbitration proceeding between us and any other person.

Exhibit A at 23-24, section XXVI.

3.      The FAA establishes a strong policy favoring arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Cor*p., 460 U.S. 1, 24-25 (1983).  A court's role under the FAA, therefore, is limited to "engag[ing] in a limited inquiry to determine whether a valid

agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement." *Houlihan v. Offerman & Co., Inc*., 31 F.3d 692, 694-95 (8th Cir. 1994).

4.       In this case, the arbitration provision at issue plainly encompasses the RICO claims alleged as such claims arise from the Unit Franchise Agreement and the named defendants in this suit are all comprised of officers, managers, agents and affiliates of Stratus.

5.       The class-action waiver clause contained in the arbitration provision is biding and enforceable as controlling precedent from the U.S. Supreme Court and Eighth Circuit unequivocally establishes that class-action waiver clauses do not serve to invalidate an otherwise enforceable arbitration agreement and must be enforced to compel individual arbitrations.  *See, e.g., AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011); *Owen v. Bristol Care, Inc*., 702 F.3d 1050 (8th Cir. Jan. 7, 2013); *Green v. SuperShuttle Int'l, Inc*., 653 F.3d 766 (8th Cir. 2011); *Cicle v. Chase Bank USA*, 583 F.3d 549 (8th Cir. 2009); *Pleasants v. American Express Co*., 541 F.3d 853 (8th Cir. 2008).

6.       As the FAA governs the Unit Franchise Agreements signed by each Plaintiff, and the scope of the agreement clearly encompass the parties and claims at issue in this case, this Court must enforce the dispute resolution provisions as written and compel individual arbitrations of each Plaintiff as directed under the FAA. This case should be dismissed, rather than stayed, as the entire controversy between the parties will be resolved by arbitration. *See, e.g., Green v. SuperShuttle Int'l, Inc*., 653 F.3d 766 (8th Cir. 2011).

7.       Accordingly, Defendants respectfully request that the Court dismiss this case without prejudice and compel individual arbitrations of the parties, or alternatively, stay the case pursuant to 9 U.S.C. § 3 and compel individual arbitrations of the parties.

WHEREFORE, Defendants respectfully request the Court to enter an order granting this

motion, ordering arbitration of Plaintiffs' claims against them, and dismissing the Petition.


Respectfully submitted,


By: _____/s/ Glenn E. Davis_____
Glenn E. Davis #30308MO
J. Austin Moore #64040MO
HEPLERBROOM LLC
One Metropolitan Square
211 N. Broadway, Ste. 2700
St. Louis, Missouri 63102
Phone: (314) 241-6160
Fax: (314) 241-6116

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of March, 2013, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon the following counsel of record:

*Attorneys for Plaintiffs:*
Jonathan E. Fortman
LAW OFFICE OF JONATHAN E. FORTMAN, LLC
10 Strecker Road, Suite 1150
Ellisville, MO 63011
Phone: (314) 522-2312
Fax: (314) 524-1519
E-mail: jef@fortmanlaw.com


/s/ Glenn E. Davis_____