UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE TORRES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:12CV2373 CDP |
| | ) |
| SIMPATICO, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This Federal Racketeer Influenced and Corrupt Organizations Act (RICO) class action suit is before me on defendants' motion to compel arbitration and to dismiss without prejudice, or alternatively to stay the action pending arbitration. Plaintiffs are five individual unit franchisees of the Stratus Building Solution franchise system. Defendants include the system franchisor, some master (regional) franchisors, and various individuals associated with the Franchise System. Plaintiffs allege that defendants fraudulently induced plaintiffs to purchase unit franchises and exploited the system to extract exorbitant fees from plaintiffs without fulfilling defendants' own contractual obligations.

The franchise agreement between plaintiffs and the master franchisors included a broad arbitration agreement, which plaintiffs allege is substantively unconscionable. I find that the challenged clauses are not unenforceable for unconscionability and that plaintiffs do not carry their burden of showing that the

agreement forecloses pursuit of their statutory rights. Because the arbitration agreement sanctioned enforcement by third parties and the unit franchise agreement required plaintiffs to indemnify Stratus Franchising and its franchisees, I find that that Stratus Franchising and the non-signatory master franchisees are third-party beneficiaries and can enforce the arbitration agreement. As all of plaintiffs' claims are subject to arbitration, I will grant the motion to compel arbitration and will dismiss this action without prejudice.

## **Background**

Stratus Franchising LLC[1] is a commercial cleaning business, involving both master and unit franchises. Stratus Franchising sells master franchises, which then serve as the exclusive franchisor of Stratus in their regional market and sell unit franchises within that geographic area. Collectively, this system of franchises is referred to as the "Stratus System."

Plaintiffs are owners of unit franchises[2] that bring this RICO class action against over seventy individuals and entities associated with the Stratus System.

---

[1] At the outset of this case, Stratus Franchising LLC was owned by parent company Stratus Building Solutions, Inc. However, as of April 17, 2008, SBS was administratively dissolved, and counsel for defendants asserts that Stratus Franchising now owns the assets of SBS. Accordingly, I will grant the defendants' motion to amend their motion to dismiss and eliminate, by interlineation, all references to Stratus Building Solutions, Inc., in favor of Stratus Franchising.

[2] Jose Torres operated a unit franchise in Missouri and contracted with Master Franchisor Simpatico, which operates in Missouri and which, together with Stratus Franchising LLC, conducts business under the name Stratus Business Solutions. Guadalupe Clemente and Luz Walker each operated a unit franchise in Arizona and contracted with Master Franchisor PHSCCH SBS, LLC, which does business as Stratus Building Solutions of Metro Phoenix. Christina Beiter operated a unit franchise of Impressive Cleaning Solutions, which does business

The defendants include Stratus Franchising, its officers Peter Frese, Jr. and Dennis Jarrett, and the three individual master franchisers with which plaintiffs contracted to purchase unit franchises:[3] Simpatico, PHSCCH SBS, and Stratus Building Solutions of Houston (the signatory master franchisors). Also listed as defendants are a number of master franchisees that did not contract with the named plaintiffs (the non-signatory master franchisees)[4] as well as individual defendants who plaintiffs categorize as "Masters"[5] or "Representatives."[6]

---

as Stratus Building Solutions of Upstate New York. Antonio Carmona operated a unit franchise of Stratus Building Solutions of Houston.

[3] As stated in footnote 2, above, two plaintiffs contracted with the same Master Franchiser. Additionally, the complaint alleges that Christina Beiter franchised with Impressive Cleaning Solutions d/b/a Stratus Business Solutions of Upstate New York. However, the only "Impressive Cleaning Solutions" included as a defendant was one doing business as Stratus of Buffalo, and that defendant was dismissed for failure to provide service.

[4] These are: Mark & Jayson Bashforth d/b/a Stratus Building Solutions of San Diego; Colorado Cleaning Partners Inc. d/b/a Stratus Building Solutions of Southern Colorado; Channen Smith d/b/a Stratus of Denver; Kukamaehu Inc. d/b/a Stratus of Honolulu; Iowa Building Solutions LLC d/b/a Stratus of Iowa; Stratus Building Solutions of Maryland; Stratus Building Solutions of Nebraska; Sunshine Investment Group Inc. d/b/a Stratus of Northern New Jersey; Stratus Building Solutions of Long Island Inc.; MARRS LLC d/b/a Stratus Building Solutions of Cincinnati; HolBon Holdings LLC d/b/a Stratus Building Solutions of Philadelphia; Ralph Sizemore d/b/a Stratus of Upstate Carolina; D&E Holdings LLC d/b/a Stratus Building Solutions of Nashville; TJM Associates Inc. d/b/a Stratus of Northern Texas; Greg Fishman d/b/a Stratus of Austin; Tom Baker & Dawn Caudill d/b/a Stratus of Dallas; Stratus Building Solutions of Northern Utah; and Syddar Inc. d/b/a Stratus Building Solutions of Salt Lake.

[5] Masters are individuals who owned and/or operated Master Franchises. They include: Channen Smith, Mark Bashforth, Jayson Bashforth, James Van Dyke, Aaron Kahaloa, Leonard Fazio, Gater Greenwill, Mike Napolitano, Tom Grassi, Tim Tilton, Mark Stocker, Tom Weiss, Bonnie Coleman, John Coleman, Ralph Sizemore, Ed Lease, David Smith, Jacquelyn Mosley, Thomas Mosley, Stephen Sheriff, Greg Fisherman, Tom Baker, Dawn Caudill, Lori Sealy, and Shauna Sharpstein.

[6] Representatives include those individual defendants who were employees or agents of a Master Franchisor: Lupita Gallego, Ed Nunez, Gonzalo Moreno, Marvin Ashton, Joshua Fletcher, Mert Smith, Kate Gantier, Michael Fazio, Amy Lundstrum, Luis Morales, Anthony Napolitano, Carmen Garcia, David Farrell, Marisa Lather, Alen Suljanovic, Chelley Baack, Jim Morrison, Shawn Vick, Ariss Rogel, Don Gartner, Terry Behrle, Eleazar Quintana, William Ragsdale, Lucero Flores, Emily Thomas, and Shea Sealy.

Plaintiffs allege that the Stratus System is an illegal scheme that defrauds unit franchisees by misrepresenting the organization and nature of the Stratus System. Plaintiffs also allege that unit franchisees' financial prospects are misrepresented and that they were defrauded by Stratus Franchising's practice of oversaturating geographical markets, grossly underpricing the franchisees' work to customers, deceptively churning franchisee service accounts, and charging undisclosed and inflated fees to the franchisees. Plaintiffs further allege that each master franchisor perpetuated the fraudulent system by using the same practices with the express knowledge of Stratus Franchising and its officers.

## Discussion

### Motion to Compel Arbitration

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, "establishes a liberal federal policy favoring arbitration agreements." *M.A. Mortensen Co. v. Saunders Concrete Co., Inc.*, 676 F.3d 1153, 1156 (8th Cir. 2012). "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4). "[The Eighth Circuit] has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, *i.e.*, whether the dispute *falls within the scope* of the arbitration agreement." *Id.* (emphasis in original).

An arbitration agreement's scope is interpreted literally, with any doubts resolved in favor of arbitration. *Medcam*, 414 F.3d at 975. The district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quotation omitted).

Plaintiffs acknowledge that the unit franchise agreement included a standard form arbitration clause. However, plaintiffs argue that the arbitration clause is invalid for unconscionability and that non-signatory defendants cannot enforce the arbitration clause.

The unit franchise agreement was entered between each plaintiff and his or her respective master franchisor and states, in relevant part,

> i. The parties hereto agree that, except [as otherwise provided] . . . all controversies, disputes, or claims between us and our affiliates, and our and their respective members, officers, managers, agents, and/or employees, and you . . . arising out of or related to
> 1. this Agreement or any other agreement between you and us;
> 2. our relationship with you; [or]
> 3. the validity of this Agreement or any other agreement between you and us; . . .
>
> Must be submitted for binding arbitration, on demand of either party, to the American Arbitration Association. The arbitration proceedings will be conducted by one arbitrator and, except as this Subsection otherwise provides, according to the . . . rules of the American Arbitration Association. . . .
> ii. The arbitrator has the right to award or include in his or her award any relief which he or she deems proper, including, without limitation, money damages . . . , specific performance, injunctive relief, and attorneys' fees and costs . . . provided that the arbitrator may not . . . except as expressly provided in Subsection XVII G

below, award any punitive or exemplary damages against any party (we and you hereby waiving to the fullest extent permitted by law any right to or claim for any punitive or exemplary damages against the other).
. . .
    iv.    We and you agree that arbitration will be conducted on an individual, not a class-wide, basis and that an arbitration proceeding between us and our affiliates, and our and their respective members, officers, managers, agents, and/or employees, and you (and/or your owners, managers, guarantors, affiliates, and/or employees) may not be consolidated with any other arbitration proceedings between us and any other person.
    v.    The provisions of this Section XXVI [encompassing the methods for dispute resolution] are intended to benefit and bind certain third party non-signatories . . . .

*The Arbitration Clause is Valid*

Section 2 of the FAA permits arbitration agreements to be invalidated by generally applicable contract defenses, including unconscionability. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (quotation omitted) (citing 9 U.S.C. § 2). In order for a contract to be deemed unenforceable on grounds of unconscionability, a court applying Missouri law must find it both procedurally and substantively unconscionable.[7] Procedural unconscionability is determined by examining the circumstances of the contract formation, and substantive unconscionability depends upon the contract's actual terms. *Whitney v. Alltel Comm's, Inc.*, 173 S.W.3d 300, 308 (Mo. Ct. App. 2005).

Plaintiffs allege that the terms of the arbitration agreement are unconscionable for four reasons: first, the costs to arbitrate will exceed the average

---

[7] The parties do not address whether the law of states other than Missouri should be applied here.

claimant's loss; second, the arbitration claimant must pre-pay the filing fee and other pre-hearing fees; third, the prevailing party is entitled to reimbursement of costs and expenses; and fourth, the agreement limits the franchisee's available remedies.

The Federal Arbitration Act prohibits a judge from weighing the cost of arbitration against a claimant's potential recovery. *Am. Express Co. v. It. Colors Rest.*, 133 S. Ct. 2304, 2312 (2013). Thus, *plaintiffs' first reason* for unconscionability fails at the start. However, American Express recognized that "perhaps" a plaintiff could show that arbitration filing fees and administrative costs are so high that they bar access to the arbitral forum and thereby "constitute the elimination of the right to pursue [any] remedy." *See id.* at 2310-2311 (contrasting actual access to arbitration with profitable access).

A claimant seeking to establish that an arbitration agreement unconscionably precludes the vindication of statutory rights in the arbitral forum because it would be prohibitivly expensive "bears the burden of showing the likelihood of such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000). The Eighth Circuit requires "more than just a hypothetical inability to pay." *Faber v. Menard, Inc.*, 367 F.3d 1048, 1053 (8th Cir. 2004). Rather, the contesting party must present "specific evidence of likely arbitrators' fees" and their own inability to pay those fees, including, for example, the sophistication of the issues, average

arbitrator costs in the region, and evidence of the party's own financial condition. *Id.* at 1054.

Plaintiffs provide only limited evidence to show that the cost of entrance precludes arbitration. The American Arbitration Association (AAA), whose rules and procedures the parties adopted, requires a claimant seeking under $10,000 in damages to pay a filing fee of $775. Plaintiffs estimate that each case will require a three-day hearing in addition to whatever other time an arbitrator might require to decide the case. Plaintiffs also provide the average daily fee charged by arbitrators in five jurisdictions: Chicago ($1800), Colorado ($1442), Ohio ($1468) and Indiana ($1308). I find that plaintiffs have not carried their burden of showing, through specific evidence, that the arbitration agreements foreclose pursuit of any remedy. While plaintiffs do provide some evidence of what an arbitrator might charge in the Midwest, they provide no evidence as to costs in New York, Texas, or Arizona. Moreover, I agree with defendants that the average daily fee does not necessarily reflect the *likely* cost to arbitrate as there necessarily will be some AAA approved arbitrators whose costs are below average. Even if those fees reflected the likely costs to arbitrate, plaintiffs provide no *specific* evidence that they are unable to pay the arbitration costs.[8] Finally, the arbitration agreement grants the

---

[8] Counsel for plaintiff provided an affidavit stating that "[b]ased upon my personal knowledge of the financial circumstances of the Plaintiffs and hundreds of putative class members, I am of the opinion that none of them can afford the costs required to adequately proceed with an individual claim for arbitration." This statement is void of any specifics with which a court could adequately determine a plaintiff's actual financial condition. Moreover, I have serious doubts as

arbitrator the discretion to allocate costs and expenses amongst the parties. I cannot find that the arbitration clause is unconscionable on this basis. *See Kenner v. Career Educ. Corp.*, No. 4:11CV00997 AGF, 2011 WL 5966922 (E.D. Mo. Nov. 29, 2011).

As to the potential for the prevailing party to be reimbursed for costs or fees, defendants admit that that potentiality would only happen in the case where a party sought to enforce the unit franchise agreement. In other situations, as here, the arbitrator retains the discretion, subject to appellate review, to allocate fees and costs amongst the parties. I do not find this section to be per se unconscionable.

Plaintiff's position that the limitation of remedies provision makes the entire arbitration agreement unconscionable also fails. The validity of provisions such as this is to be determined by the arbitrator and not by the district court. S*ee Arkom Digital Corp. v. Xerox Corp.*, 289 F.3d 536, 539–40 (8th Cir. 2002).

*Disputes Subject to Arbitration*

Having determined that a valid agreement to arbitrate exists between the enumerated parties, I must next determine whether the specific dispute falls within the agreement. *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 694–95 (8th Cir. 1994). Each of the unit arbitration agreements contains an arbitration provision that requires all claims related to the unit franchise agreement or the master franchisee's relationship to the unit franchisee be submitted to binding arbitration.

---

to how counsel could have personal knowledge of the financial circumstances of hundreds of "putative" class members.

RICO claims may be subjected to arbitration, *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1086 (8th Cir. 2001). Because plaintiffs' RICO claims allege that they were defrauded, in part, by operation of the unit franchise agreement, the arbitration agreement encompasses those claims. *Compare Rosemann v. Sigillito*, 877 F. Supp. 2d 763, 776 (E.D. Mo. 2012) (finding RICO claims arbitrable where arbitration agreement covered all disputes between parties to agreement) *with PRM Enterprises Energy Systems, Inc., v. Prime Energy LLC*, 592 F.3d 830, 837 (8th Cir. 2010) (holding tort claims arbitrable where arbitration agreement covered claims arising from underlying contract) *and Webb v. R. Rowland & Co.*, 613 F. Supp. 1123, 1124 (E.D. Mo. 1985) (compelling arbitration of fraudulent misrepresentation claims).

Any arbitration must be conducted on an individual basis in accordance with the terms of the arbitration agreement. *Cf. Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (enforcing arbitration agreement containing class waiver in Fair Labor Standards Act cases); *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287 (4th Cir. 2007) (enforcing arbitration agreement with class waiver as to federal antitrust claims)

### *Non-Signatory Defendants Can Enforce Arbitration*

Plaintiffs contend that because only the master franchisors with whom they respectively franchised signed the arbitration agreement, the other defendants cannot compel them to arbitrate. The ability of a non-signatory to enforce

arbitration agreements against signatories is determined by state contract law. *Donaldson Co. Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 732 (8th Cir. 2009) (citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630 (2009)). However, both parties cite only to Eighth Circuit precedent in support of their arbitration arguments. Under Missouri law, third-party beneficiaries may enforce the terms of the contract where the contract clearly expresses an intent to benefit that party "or an identifiable class of which the party is a member." *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. banc 2007).[9]

I find that Stratus Franchising and the non-signatory master franchisees are intended third-party beneficiaries to the unit franchise agreement. The portion of the contract housing the arbitration agreement states that it is "intended to benefit and bind certain third party non-signatories . . . ." The unit franchise agreements require the unit franchisee to purchase insurance policies naming Stratus Franchising as an additional insured and provide for the indemnity of "Stratus and other Stratus franchises." Because the arbitration agreement reflects the signees'

---

[9] This result appears to be the same under any of the potentially - relevant states' laws. *Compare S. Texas Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) ("A third party may only enforce a contract when the contracting parties themselves intend to secure some benefit for the third party and entered into the contract directly for the third party's benefit.") *with Supplies for Industry, Inc. v. Christensen*, 659 P.2d 660, 662 (Ariz. Ct. App. 1983) ("A third party intended beneficiary is found where recognition of the right to performance in the beneficiary is appropriate to effectuate the intention of the parties, and the circumstances indicate that the promisee intended to give the beneficiary the benefit of the promised performance.") (citing Restatement (Second) Contracts, §§ 302, 304 (1982)) *and Debary v. Harrah's Operating Co., Inc.*, 465 F. Supp. 2d 250, 263 (S.D.N.Y. 2006) (finding New York law follows the Restatement).

intent to benefit some third parties and the unit franchise agreement clearly confers benefits upon Stratus Franchising and the other master franchisees, those parties may enforce the arbitration agreement.

The remaining defendants are alleged to be owners, operators, agents, officers, or employees of the master franchises or of Stratus Franchising. Under the terms of the arbitration agreement, plaintiffs' claims against them are equally arbitrable.

"The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3). Where all the claims against all parties are subject to arbitration, dismissal of the action is proper. *See Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991) (affirming dismissal without prejudice under 9 U.S.C. § 3). However, where there is ambiguity as to whether all contested issues between the parties will be resolved by arbitration, it is an abuse of discretion for the district court to dismiss the action in lieu of staying it pending completion of the arbitration. *Green*, 653 F.3d at 769.

"[A] nonnamed class member is [not] a party to the class-action litigation before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (alterations in original) (emphasis omitted). Because I have not certified a class, the only parties are the named plaintiffs and defendants, and there exists no ambiguity as to whether the contested issues between the parties are

subject to arbitration. I will therefore dismiss the plaintiffs' claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel individual arbitration and to dismiss without prejudice or alternatively to stay this action [#6] is GRANTED, and plaintiffs must submit their claims to individual arbitration.

**IT IS FURTHER ORDERED** that the plaintiffs' claims will be dismissed without prejudice on this day in a separate Order of Dismissal.

**IT IS FURTHER ORDERED** that defendants' motion to amend/correct their motion to dismiss case [#38] is granted.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss case with prejudice [#7] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2014.